# HUDELMEYER vs. HUGHES.

A instituted suit before a justice of the peace, against B, upon an account which he had cred-
ited by an amount which he owed B: he obtained judgment for the balance of his ac-
count. B took an appeal to the circuit court. In the mean time B instituted suit before
another justice against A to recover the debt which the latter had credited upon his ac-
count. On the trial of this latter suit in the circuit court, (as well as in the justice's court,)
. A offered to prove by the record of the former suit and other evidence, by way of de-
fence to the suit, that he had given B credit for the amount sued for in the former suit.
This evidence the circuit court rejected on the ground that an appeal had been taken from
the judgment of the justice, and was still pending and undetermined.

Held that the defence which A offered to make to the suit of B, was a good one; and that the
. evidence offered by him to prove the credit of B's account upon his own, should have
been received.

## APPEAL FROM CLAY CIRCUIT COURT.

### STATEMENT OF THE CASE.

This was a suit brought by Hughes vs. the appellant, before a justice of the peace, on an
account. The appellant filed an offset, in which he claimed to have credited Hughes with the
amount of his account, in a suit which had been brought by appellant vs. Hughes, before a
justice of the peace, and in which appellant had recovered judgment.

Judgment being rendered against the appellant, he appealed to the circuit court, and judg-
ment being again against him, he appealed to this court.

On the trial in the circuit court, plaintiff having given evidence to establish his demand;
defendant offered in evidence the record of the former suit, in which he was plaintiff, and
Hughes was defendant, in which judgment was rendered against Hughes, and from which Hughes
had appealed to the circuit court. The appeal was still pending in the circuit court. With
this record, the defendant offered evidence to show, that at the trial of said suit, he had
credited Hughes with the identical account sued on by Hughes, and that such account was
allowed by the jury as a credit to Hughes.

All this evidence was excluded on the ground that the appeal was, still pending. This pre-
sents the only question in the record.

ABELL & STRINGFELLOW, for appellant:

The evidence offered by appellant, to shew that the account sued on, had been admitted
and allowed as a credit on a judgment recovered by appellant against the appellee, was com-
petent in defence, if not as an offset, as a former recovery, even though an appeal had been
taken from such judgment, such appeal being undecided. The mere taking an appeal from the
judgment of a justice, does not annul the judgment. It is true that under our statute, when
the appeal is taken, and a trial had in the circuit court, such trial is de novo, and by pro-
ceeding on the appeal in the circuit court, the judgment of the justice is vacated and the ap-
peal converted into an original suit. But until this is done, the judgment of a justice remains
unchanged, and it is in the power of the appellant to dismiss his appeal and thus continue in
force the judgment of the justice.

By the exclusion of the evidence in this case, it is in the power of Hughes to obtain the
amount of his claim twice: once in his own suit; and again by dismissing his appeal, as a
credit allowed by Hudelmeyer on his judgment.

RYLAND, Judge, delivered the opinion of the court:

From the above statement, the simple question before us, arises on the action of the court below, in rejecting the evidence offered by defendant Hudelmeyer, to show that the plaintiff Hughes, in this suit, had been allowed a part of his demand, in an action by Hudelmeyer against him, as a credit.

It seems that there were two suits between these parties; in one of which Hudelmeyer was plaintiff, and in the other Hughes was plaintiff. In the action in which Hudelmeyer was plaintiff, he had, in making out his account against Hughes, given to Hughes credit for some $23 50. In this action Hudelmeyer obtained a judgment against Hughes, and Hughes appealed to the circuit court.

In the suit against Hudelmeyer, Hughes obtained judgment and Hudelmeyer appealed to the circuit court. This last mentioned appeal was brought to trial in the circuit court first, the other appeal still pending.

In this state of the case, the trial on the appeal in which Hudelmeyer was appellant, he offered to prove by the record of the proceedings in the suit, in which he obtained judgment against Hughes, and in which Hughes had appealed, that the sum of $23 50, a part of Hughes' demand against him, had already been allowed to Hughes, as a credit in Hudelmeyer's suit against Hughes. Hudelmeyer proposed to prove the fact, by the record and by the testimony of the jury, who tried the suit. But the circuit court refused to let Hudelmeyer prove this, because Hughes had taken an appeal, and that appeal was still pending and undetermined.

When an appeal is taken from a justice of the peace, to the circuit court, a trial *de novo* is had. The merits of the case are again tried, and such judgment given as the court and jury deem just and right.

The appellant has it in his power to dismiss his appeal, in most cases.

Now, in this case before us, the refusal of the court below, to permit Hudelmeyer to show, by proof, that a part of Hughes' debt had already been allowed him in another action, might operate greatly to the injury of Hudelmeyer; but such proof cannot tend to injure Hughes. He may, in one event, obtain a credit for the amount, and also obtain a judgment at the same time, for it against Hudelmeyer; thus making Hudelmeyer pay the same twice. Upon the circuit court's refusal to let in this proof, Hughes obtained a judgment against Hudelmeyer for the identical demand for which he had already obtained a credit in Hudelmeyer's suit against him, and in which he had appealed, thus ob-

taining a judgment in one suit and lessening the judgment against himself in another suit for the same demand. Now, after obtaining his judgment; let him dismiss his appeal, and we can see manifestly the injustice that would be done to Hudelmeyer.

On the other hand, had the court suffered Hudelmeyer to prove the facts which he proposed in this case, Hughes can in no event be injured. Let the proof reduce Hughes' debt against Hudelmeyer; then, on the trial of the other case, Hughes can show, that the amount has already been settled by the judgment of the court between them.

The difficulty arises in Hudelmeyer's giving credit on his account against Hughes; and in taking judgment for the balance after the jury has allowed the credit; thus making his judgment less by the amount of the credit given ; then Hughes suing and obtaining full judgment notwithstanding he has been allowed the credit.

We think the court below committed error, in refusing to suffer Hudelmeyer to show the facts proposed by him in this case ; and for this error, the of the court below, must be reversed, and cause remanded proceedings not inconsistent with this opinion.