## SUPREME COURT.

LEVI C. HARRIS, respondent, agt. STANLEY HAMMOND and JOSEPH BURNS, appellants.

Where the plaintiff brought his action upon a promissory note for $100, against two defendants, and one of them put in an answer alleging that the note was given for the price of a horse purchased by him of the plaintiff, and a breach of warranty by the plaintiff as to the soundness of the horse, and after issue joined, this defendant commenced an action against the plaintiff in a justice's court, for false representations on the sale of the horse (including the same matter in the answer), and recovered judgment against the plaintiff for $100,

*Held*, that an order made at special term on motion of the plaintiff, striking out the defendant's answer, and directing judgment for the plaintiff on the note, be affirmed, notwithstanding an appeal from the justice's judgment was then pending.

*Monroe General Term, September*, 1859.
*Present*, T. R. STRONG, SMITH *and* JOHNSON, *Justices*.
APPEAL from an order.

H. R. SELDEN, *for appellant*.
J. L. ANGLE, *for respondent*.

By the court—T. R. STONG, Justice. This action is upon a promissory note for $100 and interest. The answer is, that the note was given upon the sale of a horse by the plaintiff to Hammond, and a breach of warranty by the plaintiff on the sale, of the soundness of the horse. After issue was joined,

Harris agt. Hammond.

Hammond commenced an action against the plaintiff before a justice of the peace, for a fraudulent representation of the soundness of the horse, manifestly embracing the same matter as the warranty, and the defendant therein put in an answer, among other things, denying the complaint.

The latter action was brought to trial, when Hammond recovered judgment for one hundred dollars, besides costs. An appeal has been brought by the defendant in that action—the plaintiff in this—to the county court, from that judgment, which appeal is still pending. After the appeal was taken, the plaintiff in the present action moved at special term for an order striking out the answer of the defendant in this action, or for leave to make a supplemental reply setting up the judgment before the justice as a bar to the matter of the answer. An order was granted striking out the answer and directing that the plaintiff have judgment in the action; and the case is now before the court on an appeal from the order.

The defendant, Hammond, was not precluded, by the answer in this action setting up a breach of warranty, from commencing an action before a justice for a fraudulent representation as to the same matter. (*Fabricotti* agt. *Launitz*, 3 *Sand. S. C.* 743, 745.) But the judgment in the latter action is clearly a bar to the cause of action on the warranty. The warranty and fraud, as to the same thing, formed but a single cause of action, enforceable at the election of Hammond, by action on the warranty or for the fraud. A recovery in one of those modes is a bar to another action.

The fact, that an appeal has been brought, does not affect the conclusive nature of the judgment as a bar, while it remains unreversed.

In regard to the appropriate relief to the plaintiff, it is obvious that an order, allowing him to make a supplemental reply setting up the bar, would have been proper and adequate. But I do not perceive why the form of relief adopted at special term was not allowable, in the discretion of the court, there being no dispute in regard to the facts, and no room for doubt as to the law of the case.

There is another answer to this appeal. The appeal is from the order. The order strikes out the answer and directs judgment for the plaintiff. It is an order for judgment. The rights of the parties are finally determined, and judgment is directed. Such an order does not belong to the class of orders embraced by section 349 of the Code; it is rather the judgment in the action, reviewable only on appeal from the judgment when perfected. (*Bauman* agt. *The New - York Central Railroad Company* (10 *How.* 218).

I am, therefore, of opinion that the order should be affirmed.