The opinion of the Court was drawn up by
Tenney, C. J.
This is an action against the defendant, as indorser of two negotiable promissory notes of hand. The defence is, that, after this suit was commenced, the plaintiffs caused another suit to bo instituted in the State of New York, against the defendant for the same cause; that personal service was made upon him, and ho appeared in court, answered to the action, and defended till judgment was rendered against him for the amount of the two notes declared, and for costs.
The doctrine is well established, that a judgment, between parties, both of whom are, and have been, resident in this State, of a Court having jurisdiction of the subject matter, of another of the United States, when personal service of the original writ was made on the defendant, who appeared in court, answered to the action and made defence, is valid and entitled to the same faith and credit that judgments rendered within our own jurisdiction are entitled to. Bissell v. Briggs, 9 Mass., 462; Hall v. Williams, 10 Maine, 278; Hall & al. v. Williams & al., 6 Pick. 232; Middlesex Bank v. Butman, 29 Maine, 19 ; Cleaves v. Lord, 42 Maine, 290.
The plaintiffs instituted this "suit on Jan. 11, 1858. And, on Jan. 21, 1858, they commenced a suit for the same cause, against the defendant, in New York, caused personal service to be made upon him, who appeared in court, answered to the action by counsel and defended the same till judgment was rendered, on August 14, 1858. No defence was made, on the ground of the pendency of the action in this State.
The question presented for our consideration is, whether the judgment, so obtained in the State of New York, was a nullity, or can be avoided, by proof that this action was *216 pending when the other was commenced and when judgment was rendered thereon.
It is hardly necessary to remark, that the facts, upon which it is insisted, for the plaintiffs, that the judgment is one which is void or can be avoided, not being" in any manner made known to the Court in New York by them, during the pendency thereof, can have no effect by possibility to invalidate that judgment. It would certainly be a very novel mode of reversing a judgment rendered by a Court, having jurisdiction of the parties as well as the subject matter, and which the plaintiffs sought to obtain, and did obtain. If the pendency of the present action was known to the defendant at the time he had the right to file a plea in abatement for that cause, he could have done so, but, if he chose to waive that defence, the plaintiffs could not then or at this term complain, and invoke this waiver, to the prejudice of him. If they had not desired to prosecute that action to judgment, after it was commenced, they could at any moment have discontinued it.
That judgment must be treated as having every element, and all the effects of a judgment rendered within this State for the same cause, between the same parties. The contract upon which that judgment was recovered, is merged therein and extinguished thereby. It constitutes a new debt, having its first existence at the time it was rendered. Holbrook v. Foss, 27 Maine, 411; Pike v. McDonald & al., 32 Maine, 418. An - action may be maintained thereon in this State, and, if it should be treated as no bar to the present suit, the plaintiffs would have two judgments against the same defendant for the same cause of action.
Plaintiffs nonsuit. — Judgment"for defendant.
Rice, Cutting, May, Goodenow and Davis, JJ., concurred.