# PROVIDENCE COUNTY.

—◆—

GEORGE T. PAINE *vs.* SCHENECTADY INSURANCE CO.

P. brought assumpsit against the S. Insurance Co. in the Court of Common Pleas, and recovered judgment, whereupon the defendant appealed.   While the appeal was pending in this court the defendant filed a plea *puis darrein continuance*, alleging that H., duly appointed receiver of the S. Insurance Co., recovered judgment against the plaintiff, P., in an action brought against P. in the Supreme Court of New York, wherein P. pleaded in set-off the matters litigating in this Rhode Island suit; that the causes of action and issues raised were the same in both suits; that the parties were identical, and that the judgment remained in full force and unsatisfied : —
*Held*, on demurrer, that this plea *puis darrein continuance* was a good bar.
It being claimed in argument that an appeal had been taken from the New York judgment : —
*Held*, that this fact, not appearing on the record, could not on demurrer be considered.
In legal proceedings in Rhode Island, when the judgment of a court of a sister state is impleaded, the Rhode Island court will take judicial cognizance of the laws of such state.
The conclusiveness of a judgment, so long as it remains unreversed, not being affected by an appeal taken from it according to the law of New York : —
*Held*, that a judgment obtained in a court of the State of New York was, notwithstanding a pending appeal from it, a valid bar to an action in Rhode Island involving the same subject matters.
*Held*, further, that final judgment would not be given in the Rhode Island suit pending the appeal in the New York court.

ASSUMPSIT.   The facts are stated in the opinions of the court.

*December* 23, 1876.   DURFEE, C. J.   This is an action of assumpsit to recover damages for breach of contract.   It was

commenced in the Court of Common Pleas, August 27, 1870. The plaintiff recovered judgment in that court at the December Term, 1875. The defendant appealed to this court at the March Term, 1876. May 13, 1876, the defendant filed a plea *puis darrein continuance*, setting forth that on the 8th May, 1876, George T. Hanford, who had been duly appointed receiver of the goods and effects of the defendant, had impleaded the plaintiff in the Supreme Court, in the State of New York, and recovered judgment against him for $1,878.11, and costs, " which still remains in full force and effect, not in any wise reversed, annulled, discharged, or satisfied." The plea sets forth the proceeding in the New York suit, showing that the plaintiff therein pleaded in set-off the matters involved in this case, and avers that the cause of action and the issue raised by the pleadings are the same in both suits, and that the parties are identical. To this plea the plaintiff demurs, assigning four causes of demurrer.

The first cause is, that the suit set forth in the plea is not alleged to have been instituted before the commencement of the present suit. And in his brief, the counsel for the plaintiff contends that there is no precedent for such a plea where the judgment· was recovered by the defendant, or was recovered in a suit commenced subsequently to the suit in which it was pleaded.

We do not see that it makes any difference which party has recovered judgment. The true question is, whether the controversy has been determined by a competent tribunal having jurisdiction ; for, if it has been, the defendant has the right to insist that it shall not be further prosecuted, unless for some technical reason he cannot have the benefit of the estoppel. The plaintiff says he cannot have the benefit of the estoppel because the suit in this state was first commenced. Is this so ? We think not. The defendant had the right to sue the plaintiff in New York, notwithstanding the plaintiff had sued him in Rhode Island. The plaintiff, in defending against the New York suit, put in issue the same controversy which was in issue in the Rhode Island suit, and it was decided against him. Why should he not be concluded, and, if concluded, why should not the defendant have the benefit of the conclusion by plea *puis darrein* ? If the judgment in New York had been recovered before the suit in

Rhode Island, the defendant would certainly have been entitled to plead it. Indeed, such a judgment would be pleadable in bar if recovered in a foreign country, and *a fortiori*, under the federal Constitution and law, when recovered in a sister state. *Ricardo* v. *Garcias*, 12 Cl. & Fin. 368; *Bissell* v. *Briggs*, 9 Mass. 462; *Mills* v. *Duryee*, 7 Cranch, 481; 2 Am. Lead. Cas. (5th ed.) 611 *et seq.*, where this subject is discussed, and the cases fully cited.

The two cases of *Baxley* v. *Linah*, 16 Pa. St. 241, and *North Bank* v. *Brown*, 50 Me. 214, are closely in point. In *Baxley* v. *Linah*, 16 Pa. St. 241, an action was commenced in Maryland, December 30, 1846; and in Pennsylvania, for the same cause, June 2, 1847. The defendant pleaded the prior pendency of the Maryland action in abatement to the Pennsylvania action, and the plea was overruled, the plea of prior pendency being available only when both actions are pending in the same state. *Bowne et al.* v. *Joy*, 9 Johns. Rep. 221; *Walsh et al.* v. *Durkin*, 12 Johns. Rep. 99. Subsequently, January 31, 1848, the plaintiff recovered judgment against the defendant in the Maryland action; and December 5, 1849, the defendant pleaded it in bar *puis darrein continuance*. The plaintiff demurred. The court, however, sustained the plea.

The only material difference between that case and the case at bar is, that there the judgment was recovered first in the earlier case, here in the later. But the judgment, whenever recovered, is still a judgment; and why, then, is it not pleadable as such? In *North Bank* v. *Brown*, 50 Me. 214, the plaintiff commenced suit against the defendant in Maine, January 11, 1858; and in New York, for the same cause, January 21, 1858. Judgment was first obtained in the New York suit, and it was held to be a good defence to the suit in Maine. Here the judgment does not appear to have been specially pleaded; but if it had been specially pleaded, we see no reason why the decision would not have been the same. We think the first cause of demurrer is not sufficient.

The second cause is, that it does not appear that the New York suit was prosecuted by or for the defendant corporation, or by its authority, or for its benefit.

The plea sets forth that the New York suit was prosecuted by

George T. Hanford, as receiver of the goods and effects of the defendant, and avers that the parties are identical; meaning, doubtless, that they are in legal effect the same. We infer from this that, under the laws of New York, the receiver, for the purposes of his appointment, is virtually the corporation, and that therefore a suit by him as receiver is, in legal effect, a suit by the corporation. We the more readily infer that the law is so in New York, because it is so in this state. We think, when the judgment of a sister state is pleaded, we ought not to be too strict or technical; but that we ought to administer the law in a spirit of liberal comity, and to allow the plea every fair intendment, so as not to defeat the constitutional privilege of the judgment. If this suit were pending in New York, such a judgment would doubtless be a bar to it. We think, therefore, that the second cause of demurrer cannot be sustained.

The third cause of demurrer is substantially the same as the second, and is for the same reason overruled.

The fourth cause is, that the cause of action in the two suits does not appear to be identical. The plea avers that it is identical, and we do not find, from an examination of the judgment as pleaded, any sufficient reason to think it is not so. See *Ricardo* v. *Garcias*, 12 Cl. & Fin. 368, 401.

The plaintiff states in his brief that an appeal has been taken from the judgment rendered in New York. The plea, however, does not show this. *Primâ facie* the judgment as pleaded appears to be final and conclusive. Upon demurrer, we can only know what the plea discloses. If the plaintiff desires us to decide upon the effect of the appeal, he should bring the fact of the appeal before us by proper pleading and proof.

Upon the question whether the court can take cognizance of the New York law as to the effect of an appeal, unless pleaded and proved, see 2 Am. Lead. Cas. (5th ed.) 648 *et seq.*

*Demurrer overruled.*

After the foregoing opinion, the plaintiff replied to the plea *puis darrein continuance* : —

1. That the judgment of the Supreme Court of New York set forth in the plea had been appealed from, and that the suit wherein judgment had been given was consequently pending in the Supreme Court of New York.

2. That the receiver Hanford acted without authority, and did not institute the New York suit in behalf of the defendant corporation but for himself.

3. That the cause of action in the New York suit was not that in the present case.

All these replications concluded to the country. The defend-ant demurred to them all.

*July* 28, 1877.  DURFEE, C. J.  This is an action of assumpsit to which the defendant pleads in bar a former judgment recovered in the Supreme Court of the State of New York. The plaintiff replies that the judgment has been appealed from by him, and the suit is still pending in the court. The defendant demurs to the replication.

The defendant contends that by the law of New York an appeal does not vacate the judgment appealed from, but leaves it, until annulled or reversed, conclusive upon the parties.

Two questions arise upon the demurrers : —

1. The first question is, whether we can take judical cognizance of the law of New York, or must presume it to be the same as ours until it is shown by averment and proof to be different. The decisions upon this point are conflicting, but we think the decision of the Supreme Court of Pennsylvania, in *The State of Ohio* v. *Hinchman*, 27 Pa. St. 479, rests upon the better reason. The court there held that, when the judgment impleaded is the judgment of a sister state, the court will notice *ex officio* the law of the state in which it was rendered. The reason given for this is, that, in such a case, the court acts under the Constitution and laws of the United States, which require that the judgment shall have in every state the same faith and credit which it has in the state where it was originally rendered. In such a case, it was said, the decision of the state court is reëxaminable in the Supreme Court of the United States, which will, without averment or proof, take cognizance of the law of the state in which the record originates. " It would be a very imperfect and discordant administration," it was further said, " for the court of original jurisdiction to adopt one rule of decision, while the court of final resort was governed by another ; and hence it follows, that in questions of this sort we should take notice of the local laws of a sister state in the

same manner the Supreme Court of the United States would do on a writ of error to our judgment." See also *Baxley* v. *Linah*, 16 Pa. St. 241 ; *Rae* v. *Hulbert*, 17 Ill. 572, 578 ; *Butcher* v. *The Bank of Brownsville*, 2 Kans. 70 ; 2 Am. Lead. Cas. 648 *et seq.* We think the reasoning is sound, and that it is not satisfactorily met by courts which adopt a different view. *Rape* v. *Heaton*, 9 Wis. 328, 341.

2. The second question relates to the conclusiveness of the judgment. We find, as claimed by the defendant, that by the law of New York an appeal, though it may stay the execution when proper security is given, does not affect the conclusiveness of the judgment so long as it remains unreversed. A judgment so appealed from is a valid bar to an action involving the same controversy. *Sage* v. *Harpending*, 49 Barb. S. C. 166 ; *Harris* v. *Hammond*, 18 How. Pr. 123 ; *Rathbone* v. *Morris*, 9 Ab. Pr. 213 ; Freeman on Judgments, § 328. If the judgment would be a good bar to this action in New York, it is entitled to have the same effect in this state. *Mills* v. *Duryee*, 7 Cranch, 481 ; *McElmoyle* v. *Cohen*, 13 Pet. 312 ; *Jacquette* v. *Hugunon*, 2 McLean, 129. The case of *Bank of North America* v. *Wheeler*, 28 Conn. 433, is a case exactly in point. After the commencement of that case in Connecticut, a judgment was recovered for the same cause of action in New York, and it was held that the judgment, notwithstanding it had been appealed from, was a good bar to the suit in Connecticut ; it being found that, by the law of New York, the appeal operated only as a proceeding in error and did not vacate the judgment. We think, therefore that the demurrer to the first replication must be sustained.

We will add, however, as matter of practice, that we think the pendency of the appeal in New York may be a good ground for delaying judgment here until the appeal is disposed of ; for otherwise we may give the judgment here a permanently conclusive effect, whereas in New York, if the appeal is successful, it will be conclusive only for a short time.

There are two other replications which are demurred to ; but we think they raise issues of fact, which the plaintiff is entitled to have tried. The demurrers to them are, therefore, overruled.

*Edwin Metcalf* and *Beach & Osfield*, for plaintiff.

*John Turner & Dexter B. Potter*, for defendant.