Curtis, respondent, *v.* Donnell et al., appellants.

Appeal — *effect of.* The operation of a judgment and decree is not suspended by an appeal to the supreme court of the United States, where there is no *supersedeas* or stay of execution so that it may not be set up as a bar to a retrial of the same issues between the same parties. The judgment binds the parties as to every question directly decided.

*Appeal from Second District, Deer Lodge County.*

THIS cause was tried in the court below by KNOWLES, J.

SHARP & NAPTON, for appellants.

The former judgment in the foreclosure suit was no bar to this action.    2 Pars. on Cont. (6th ed.) 730, note *p ; King* v. *Chase,* 15 N. H. 9 ; *S. S. R. R. Co.* v. *Daniels,* 20 Gratt. (Va.) ; 99 Mass. 200.

The plaintiff allowed evidence of fraud, without objection, and thus waived the bar of the judgment. *Megerle* v. *Ashe,* 33 Cal. 74.

W. W. DIXON, for respondent.

The findings and decree in the case of *Curtis* v. *Heath* were a bar and estoppel as to the question of fraud in this action. Freeman on Judgments, § 328 ; *Taylor* v. *Shew,* 39 Cal. 538 ; 8 Nev. 35 ; 16 Ind. 107 ; 13 Abb. Pr. (N. Y.) 369 ; 13 Mo. 87.

The property in dispute was the same, the issues raised and determined were the same, and the judgment binding on all parties thereto.    Bigelow on Estoppel, 125–6.

The estoppel was properly pleaded in the replication. Respondent could not object to appellants' evidence of fraud, for the estoppel could not then be introduced.

If appellants wished to show error below they should have asked a finding on the question of fraud.

WADE, C. J. This is an action prosecuted by the plaintiff to recover of the defendants the value of certain personal property, consisting of horses, colts, cows and other cattle which were seized by defendants, and sold under an execution, issued upon a judgment in their favor against one Archibald Heath.    The defendants in their answer among other things allege that the plaintiff claimed the right to the possession of the property in question by virtue of a certain mortgage executed and delivered by the said Archibald Heath to the plaintiff to secure the payment of a certain note of the former to the latter, which note they charge was without consideration, and that the mortgage was executed and

delivered to the plaintiff to conceal said property from the creditors of Heath, and to hinder, delay and defraud them in the collection of their demands.

Wherefore they ask that the note and mortgage be declared fraudulent, and that Heath be adjudged the owner of said property at the time of the seizure and sale thereof upon their judgment and execution against him.

The replication among other things alleges that on the 15th day of January, 1877, the plaintiff commenced action in the district court of the second district to foreclose the mortgage mentioned in the defendants' answer herein, upon the property in controversy in this action; that in said action this plaintiff was plaintiff and these defendants and others were defendants; that said court had full and complete jurisdiction of all said parties to the action and the subject-matter thereof, and the matters and rights therein determined; that the defendants herein, who were defendants in that action, with others, appeared and filed their separate answers to said complaint, and that in each of said answers, defendants averred and charged that the plaintiff's mortgage from Heath was without consideration, fraudulent and void, and prayed that the same be so declared as against them, and charged and averred the same matters and things as against the mortgage as are contained in the answer of the defendants herein; that thereafter the plaintiff filed her replication to such answer, denying and taking issue upon said charges; that upon the 26th day of April, 1877, this issue was tried in said court and found in favor of the plaintiff, and that the mortgage was not without consideration, and was not fraudulent or void as against these and the other defendants to said action. Whereupon the court duly rendered judgment in favor of the plaintiff and against these and the other defendants therein upon said issues, and its decree in favor of the plaintiff and against these and the other defendants for a foreclosure of the said mortgage and a sale of the mortgaged property to pay the amount found due the plaintiff and costs, which said judgment and decree were duly entered and made of record, and are now in full force and wholly unsatisfied, and that the matters and issues tried and decided in that action are the

same as those set up by these defendants for a defense to this action.

These allegations of the replication were not controverted by the defendants, but it appeared in evidence that from the judgment and decree in the foreclosure case, an appeal, without stay of execution, had been taken to the supreme court of the Territory, where the judgment and decree of the district court was affirmed, from the affirmation of which, by the supreme court of the Territory, an appeal without *supersedeas* or stay of execution had been taken by these defendants to the supreme court of the United States, where the case was pending at the time the present action was tried in the district court.

Upon such trial the court found as matters of fact, in substance, that the averments of the replication were true, and as matter of law arising thereon, that the judgment and decree, and the trial and proceedings in the foreclosure action are a bar to the retrial of the same issues in this action, and that defendants are estopped thereby to question the validity of said mortgage and to retry the issues made in their answer herein as to said mortgage.

Was this finding correct? The proposition does not seem to be controverted that the judgment and decree in the foreclosure action is a bar to the retrial of the same issues between the same parties in this action unless by virtue of the appeal of that case to the supreme court of the United States, without *supersedeas* or stay of execution, the operation of the judgment and decree is suspended so that it may not be set up as a bar.

In the case of *Fredericks & Fredericks* v. *Clark & Davis*, we have at this term passed directly upon this question, holding the following language: " But we do not think that an appeal may be considered as suspending the operation of a judgment so that it is not admissible as evidence in any controversy between the same parties. Until reversed or annulled, the judgment is binding upon the parties as to every question directly decided."

The authorities cited in that case fully sustain this doctrine, and of course if the judgment binds the parties as to every question directly decided, it ought to be a bar to a retrial of the same questions in another case. The case of *King* v. *Chase*, 15 N.

H. 9, referred to by appellants, was an action of trover in which a deed was offered in evidence to establish the title of the plaintiff, and impeached by the other party as fraudulent, and there was a verdict and judgment for the defendant. It was held that such verdict and judgment would not conclude the plaintiff in another suit for the recovery of other property included in the same conveyance. That case is not in point here, for in this action the defendants seek to retry the question as to the fraudulent character of the mortgage and assert their right to the same property that they claimed in the foreclosure action.

The following additional authorities support the views expressed in this decision. *Taylor* v. *Shew*, 39 Cal. 538; *Rogers* v. *Hatch*, 8 Nev. 35; *Neel* v. *Constant*, 16 Ind. 107, and authorities cited; *Tyler* v. *Wills*, 13 Abb. Pr. (N. Y.) 369; *Heedelenzer* v. *Hughes*, 13 Mo. 87.

*Judgment affirmed with costs.*