HUGHES *v.* DUNDEE MORTGAGE & TRUST INVESTMENT Co.   (No. 1,065.)

*(Circuit Court, D. Oregon.   July 12, 1886.)*

1. ERROR—JUDGMENT NOT SUSPENDED BY.

    A writ of error is in the nature of a new suit to set aside or annul a judgment for error of law apparent on the face of the record, and pending the same the judgment is in full force and effect as a bar or an estoppel.

2. SAME—INCONSISTENT POSITIONS IN COURT.

    A party who takes a position in the course of a litigation is estopped to act inconsistently therewith, so long as the same is unretracted, and this includes the case of one who, having taken a judgment of this court against himself to the supreme court on a writ of error, attempts, while said proceeding is still pending, to plead said judgment in bar of an action against himself by the plaintiff therein.

Action to Recover Money.

*Ellis Hughes, pro se.*
*Earl C. Bronaugh,* for defendant.

DEADY, J. This action is brought by the plaintiff, a citizen of Oregon, against the defendant, a corporation of Great Britain, to recover for his services as an attorney, in making 554 certificates of title to real property, the sum of $11,222.74, with interest from January 31, 1880, to date, amounting in all to $15,350.19. The case was before this court on March 31st, on a demurrer to the fifth defense to the action, alleging a former action and judgment therein, between the same parties, for the same cause of action, when the demurrer was overruled. 26 Fed. Rep. 831. It is now before the court on a motion to strike out certain parts of the replication, including the third reply to said fifth defense, and a demurrer to the reply to the fourth defense, and the first and second replies to said fifth defense.

The motion to strike out the allegations in the replication numbered from 1 to 9, inclusive, and the third reply to the fifth defense, is allowed. The motion to strike out the allegation numbered 10 is disallowed.

The first allegation is an immaterial qualification of a denial that the plaintiff ever advised defendant as to its amalgamation with the Oregon & Washington Trust Investment Company. The second, third, and fourth ones are statements of fact, evidentiary in their character, tending to show that the defendant knew the relations between the plaintiff and said trust company, and the liability of the latter to him for services rendered as alleged in the complaint. The fifth one is to the effect that said trust company was solvent at the time of said amalgamation, and that the plaintiff had no interest to promote the same. The sixth, seventh, and ninth ones are parts of the first reply to the fifth defense, and are conclusions of law merely. The tenth one is what is left of said reply, and is now a mere denial of the alleged bar of the former judgment.

The third reply to the fifth defense is to the effect that, at the time of bringing the former action mentioned in said fifth defense, the plaintiff did not know that he had the claim set forth in the complaint herein, or that the same existed, until issue was joined in said former action. Apparently this is a sham reply, and, whether so or not, it is certainly immaterial. If this claim is a part of the cause of action or claim on which the former action was brought, as alleged in said fifth defense, it makes no difference, so far as such defense is concerned, whether the plaintiff was then aware of its existence or not.

The fourth defense alleges that the making of each of said certificates of title was a separate and distinct transaction, and that $8,819.70 of the claim made for such service accrued more than six years before the commencement of this action, which is therefore so far barred by the lapse of time. The reply thereto is merely a de-

nial of the facts set up in the defense concerning the making of these certificates, and that $8,819.70 of the claim therefor accrued more than six years before the commencement of this action. The demurrer to this reply is overruled.

The first reply to the fifth defense is a confession and avoidance of the same, the matter of avoidance being that, within 10 days from the entry of the judgment in said former action, and before the commencement of this one, the defendant "removed said cause," by a writ of error, to the supreme court of the United States, alleging that the judgment therein was erroneous and contrary to law, and ought to be reversed; and that said defendant gave the proper bond, and caused said writ of error to become a *supersedeas*, and the same is still pending in said supreme court; wherefore said judgment is not a final one, nor a bar to the maintenance of this action.

In his argument in support of this reply the plaintiff has gone over much ground, and collated many authorities touching the subject. Briefly, the argument is: (1) A judgment of the circuit court, to which a writ of error lies from the supreme court, is not, in the nature of things, a *final* judgment, that can have the effect of a bar or an estoppel, the proceeding in the supreme court on the writ of error being merely a continuance of that in the circuit court; and, (2) irrespective of the effect of the writ of error in the premises, under section 505 of the Code of Civil Procedure, which provides that an action is deemed to be pending until its final determination on appeal, or the time for an appeal has expired, a judgment of the circuit court cannot be pleaded as a bar or an estoppel during the pendency of a writ of error thereon, or until the time for taking such writ expires. This question has been heretofore considered by me in *Sharon* v. *Hill*, 26 Fed. Rep. 337, and *Oregonian Ry. Co.* v. *Oregon R. & N. Co.*, 27 Fed. Rep. 284, and a contrary conclusion reached.

In speaking of the original modes of reviewing a judgment in an action at law, and a decree of a court of chancery or admiralty, it was said, in *Sharon* v. *Hill, supra:*

"A judgment in an action at law could only be reversed and annulled for error appearing on its face. For this purpose a writ of error issued out of the court above to bring up the record for examination. This was considered a new action to annul and set aside the judgment of the court below; and if the writ was seasonably sued out, and bail to the action put in, it was a *supersedeas*, so far as to prevent an execution from issuing on the judgment, pending the writ of error, but left it otherwise in full force between the parties, either as a ground of action, a bar, or an estoppel. 2 Bac. Abr. 87; 3 Bl. Comm. 406; *Railway Co.* v. *Twombly*, 100 U. S. 81. But in the equity and admiralty courts the remedy for an erroneous decree is an appeal, which removes the whole case into the court above for trial *de novo.* There is no decree left in the lower court, and pending the hearing on appeal there is no decree in the case, and there can be no estoppel by reason thereof."

In the case of *Railway Co.* v. *Twombly, supra*, the matter is not discussed, but disposed of by the simple statement of the rule that a

judgment taken to an appellate court on a writ of error is not thereby vacated, but "continues in force until reversed."    In pursuance of a statute of Colorado, Twombly obtained a judgment against the railway company for damages for causing the death of her husband, which was affirmed in the supreme court of the territory.    The record was then taken to the supreme court of the United States on a writ of error from that court, and, pending this proceeding therein, the statute authorizing the widow to maintain the action was repealed.    On this account the court, on the hearing, was asked to instruct the court below "to dismiss the suit," as there was no longer any statute under which it could be maintained, for the reason that in error, as on appeal, the determination of the court below is vacated, and the case is pending for retrial in the court above.

In disposing of the case, after stating there were no errors in the record affecting the judgment, Mr. Chief Justice WAITE said:

"Neither can we, as is asked, send the case back to the court below, with instructions to enter a judgment of nonsuit, because since the judgment below, and while this writ of error has been pending, the statute authorizing the action has been repealed.   A writ of error to this court does not vacate the judgment below.   That continues in force until reversed, which is only done when errors are found in the record on which it rests, and which were committed previous to its rendition.   Here there are no such errors.   All we can do, therefore, is to affirm the judgment, and send our mandate to that effect to the court below."

See, also, on this point, *Sage* v. *Harpending*, 49 Barb. 174; *Harris* v. *Hammond*, 18 How. Pr. 123; *Nill* v. *Comparet*, 16 Ind. 107; *Curtis* v. *Donnell*, 3 Mont. 214; *Fredericks* v. *Clark*, Id. 260.

But the contrary rule obtains in an appeal, as is clearly stated in the case of *The Gen. Pinkney*, 5 Cranch, 281.    This vessel was condemned in the circuit court for the violation of a statute prohibiting intercourse with certain ports in St. Domingo.    The case was taken to the supreme court of the United States by appeal, and before it was heard there the statute expired by its own limitation.    Counsel for the government claimed an affirmance of the decree of the court below, notwithstanding the lapse of the statute in the mean time, as if it was a case of a common-law judgment in the appellate court on error.    But the court held otherwise, Mr. Chief Justice MARSHALL saying:

"The majority of the court is clearly of opinion that, in admiralty cases, an appeal suspends the sentence altogether; and that it is not *res adjudicata* until the final sentence of the appellate court be pronounced.   The cause in the appellate court is to be heard *de novo*, as if no sentence had been passed. *  *  *   The court is therefore of opinion that this cause is to be considered as if no sentence had been pronounced; and if no sentence had been pronounced, it has long been settled, on general principles, that after the expiration or repeal of a law no penalty can be enforced, nor punishment inflicted, for violations of the law committed while it was in force, unless some special provision be made for that purpose by statute."

In each of these cases the right to maintain the action depended on a statute which in the one case was repealed, and the other expired, after the determination of the cause in the court below, and prior to the giving of judgment in the appellate court; but owing to the difference in procedure, and the difference in the effect of that procedure, on the determination of the court below, a directly opposite result was reached. In the one case the action had, so far, ended in a judgment, which continued in force, notwithstanding the writ of error, and therefore it did not fall with the repeal of the statute. It was no longer an action pending, but a *fait accompli.*

Nor does the case of *Cohens* v. *Virginia*, 6 Wheat. 405, teach anything to the contrary of this. That was a writ of error from the supreme court to a court of Virginia for the purpose of examining a judgment of the latter given in a case in which the state was the plaintiff. Counsel for the state, relying on the technical rule that a writ of error is a proceeding in the nature of a new action, and not a mere continuation of the one in which the judgment was given, contended that, under the eleventh amendment, which provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity *commenced or prosecuted* against one of the United States, by citizens of another state, or by citizens or subjects of any foreign state,"—the court had no jurisdiction in the premises. But the court held that the "suit" mentioned in the amendment was a proceeding *commenced* against a state by an individual, "for the purpose of establishing some claim against it by the judgment of a court;" and that a suit commenced by a state against an individual, the final record of which, in due course of law, is transferred to or brought before the supreme court, "not for the purpose of asserting any claim against the state, but for the purpose of asserting a constitutional defense against a claim made by a state," does not thereby become a suit "commenced or prosecuted" against such state, within the purpose of the amendment. And, in conclusion, Mr. Chief Justice MARSHALL says:

"It is, then, the opinion of the court that the defendant who removes a judgment rendered against him by a state court into this court, for the purpose of re-examining the question whether that judgment be in violation of the constitution or laws of the United States, does not commence or prosecute a suit against the state, whatever may be its opinion, when the effect of the writ may be to restore the party to the possession of a thing which he demands."

At common law a writ of error is the mode of proceeding by which a court exercises its appellate jurisdiction over the judgment of an inferior court given in an action at law. The action is not retried, as on an appeal proper. The record of the proceeding is simply examined for the purpose of ascertaining if there is any error in law therein. The writ is a commission by which the judges of the appellate court are authorized to examine the record of the lower court, and affirm

or reverse its judgment, according to law.   *Cohens* v. *Virginia*, 6 Wheat. 409.   And while it may not be an original "suit," in the sense in which that term is used in the eleventh amendment, which was intended to prevent individuals from asserting claims against a state in the national courts, or otherwise than as it might allow, it is in no sense a mere continuance or prolongation of the action, the judgment in which it is brought to review.   In this respect it is similar to a suit in equity to set aside a judgment between the same parties in an action at law; and, like it, it is so far an original, adverse, corrective proceeding, the mere bringing of which in no way modifies the force and effect of the judgment in question.

But the plaintiff insists that the latter part of section 505 of the Code of Civil Procedure, which declares that an action shall be deemed pending until its final determination on appeal, is, by virtue of section 721 of the Revised Statutes, which declares that the laws of the state, except where the law of the United States otherwise provides, shall be a rule of decision, in trials at common law, in this court, in cases where they apply, applicable to this case; and that by virtue thereof the former action between these parties is now pending in the supreme court of the United States, and the judgment of this court therein is suspended, and of no force, either as a bar or an estoppel, between the parties thereto.

Section 691 of the Revised Statutes provides that "all *final* judgments of any circuit court," when the matter in dispute exceeds a certain amount, "may be re-examined, and reversed or affirmed, in the supreme court, upon a writ of error."   The judgment in question was removed to the supreme court under this section.   At common law, and in contemplation of this statute, it was a "final" one.   The action terminated with it, and therefore it was no longer pending anywhere or at all.   Moreover, no appeal could be taken from this judgment.   By the law of the United States it could only be reviewed on a writ of error, and then only for error in law apparent on the face of the record.   Rev. St. §§ 691, 1011.

Admitting, then, that the force and effect of the judgment in the former action between these parties is, under section 721 of the Revised Statutes, to be ascertained by reference to the law of the state, where the same applies, this appears to be a case in which such law does not apply.   It does not apply because the judgment cannot be the subject of an appeal, and because its review in the appellate court is otherwise provided for by the law of the United States.   .

The demurrer to this reply is sustained.

The demurrer to the third reply to the fifth defense raises the question, is the defendant estopped to assert the validity and binding force of the judgment in the former action, after having removed the same to the supreme court on the allegation that it is erroneous and ought to be reversed?   Or, more correctly speaking, is the defendant *precluded* from pleading this judgment as a bar to this action while

he is seeking to reverse the same on error in the supreme court? It is well settled that the law will not allow parties to assume inconsistent positions in the trial or the progress of a cause; and when two or more inconsistent courses are open to a party he must elect which, if either, he will pursue, and thereafter he is precluded or estopped from resorting to the other. For instance, a party cannot claim the benefit of a judgment and at the same time maintain an appeal from it. *Kelly* v. *Bloom,* 17 Abb. Pr. 229; *Bennett* v. *Van Syckel,* 18 N. Y. 483; *Lentz* v. *Lamplugh,* 12 Pa. 346; *Eaton's Appeal,* 83 Pa. St. 155; *Vail* v. *Remsen,* 7 Paige, 206.

In discussing the subject of "Inconsistent Positions in Court," Mr. Bigelow says, (Big. Estop. 601:) "It may accordingly be laid down as a broad proposition that one who has taken a particular position in the course of a litigation must, while that position remains unretracted, act consistently with it." When the defendant pleads this judgment in bar of this action, the act is certainly inconsistent with the pending proceeding heretofore instituted by it to have the same set aside as being erroneous. There can, it seems to me, scarcely be a doubt as to this. It is clear, both on reason and authority, that, if the judgment had been in its favor, it could not maintain a writ of error to reverse it and also an execution to enforce it. But setting it up in bar of this action is a mode of enforcing it, or making use of it, that may be quite as beneficial as an execution thereon. In the one case it is used as a sword, and the other as a shield, but in either as a valid judgment that the defendant by its act adopts and affirms as lawful and just. Yet either of these proceedings is equally a direct contradiction of the allegation that the judgment is erroneous and illegal, and on which the defendant is now seeking to have it annulled and held for naught.

It may be said that these inconsistent positions have not been taken in the same proceeding, and therefore they do not affect one another, and the rule does not apply. It is literally true that the writ of error was not taken in the action in which the judgment is pleaded in bar; but both acts have relation to the same judgment, and occur in the course of the litigation, between the same parties, concerning the same subject-matter or demand,—the claim of the plaintiff for compensation for services alleged to have been rendered the defendant as an attorney.

It is admitted that no case has been cited or found that is directly in point. However, in my judgment, the general rule formulated by Mr. Bigelow, and cited herein, as well as the current of the authorities given in chapter 24 of his work on Estoppel, include this case. For instance, in *Glover* v. *Benjamin,* 73 Ill. 42, it was held that a party who caused a decree, which properly protected his interest in the subject of the suit, to be reversed, on the ground that it was given without his consent or request, was estopped to complain of a second decree in which such interest was left unnoticed. And in *Railway*

*Co.* v. *McCarthy*, 96 U. S. 267, Mr. Justice SWAYNE, in speaking of an attempt of the railway company on the hearing in the supreme court to excuse itself for the non-performance of a contract to carry certain cattle on the ground that the act would have been a violation of the Sunday law of West Virginia, when it appeared that on the trial in the court below it had relied on the fact that it was impossible to forward the cattle on Sunday for the want of cars, said:

"This point was an after-thought, suggested by the pressure and exigencies of the case. Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and different consideration. He is not permitted thus to mend his hold. He is estopped from so doing by a settled principle of law."

On the whole, I am of the opinion that the demurrer to this reply is not well taken, and should be overruled; and it is so ordered.