[Civil No. 4107.   Filed April 15, 1940.]

[101 Pac. (2d) 214.]

E. D. REGAN, Appellant, v. FIRST NATIONAL BANK OF ARIZONA, a National Banking Association, Appellee.

Mr. Robert D. Dewolf, of Phoenix, Arizona, and Mr. Lee Combs, Jr., of Los Angeles, California, for Appellant.

Messrs. Armstrong, Kramer, Morrison, Roche & Duffy, for Appellee.

LOCKWOOD, J.—This is an appeal by E. D. Regan, hereinafter called plaintiff, from a judgment in favor of First National Bank of Arizona, a national banking association, hereinafter called defendant. The facts

shown by the record and necessary to a determination of the appeal may be stated as follows:

In 1934, plaintiff brought an action in the superior court of Maricopa county against Cary O'Steen and other parties, and on July 14th caused a writ of garnishment to be served on defendant herein, requiring it to show any indebtedness to Cary O'Steen, Mary O'Steen, his wife, American Mutual Benefit Society, a California corporation, or American Mutual Benefit Society, an Arizona corporation. Defendant answered that at the time the writ was issued Cary O'Steen was the renter of a certain safe deposit box owned by it and numbered 460, but that the garnishee knew nothing of the contents of the box; that it was not indebted to either of the O'Steens or the California company, nor did it have any effects of theirs in its possession, but that it was indebted to the Arizona company in the sum of $411.48. This answer of the garnishee was never controverted, as permitted by the statute. On October 27th another writ was issued in the same action against defendant herein, requiring it to answer concerning the defendants named in the first writ, and also as to Raymond O'Steen, Western Benefit Society, an Arizona corporation, and Burbank Mutual Life and Benefit Association, a California corporation. The garnishee answered that it was indebted to Western Benefit Society in the sum of $15.70, but was not indebted to any of the others, nor did it know where they had any effects. This answer also was never controverted. On January 21, 1935, judgment was rendered by default, in the principal suit, in favor of plaintiff against Cary and Mary O'Steen, and American Mutual Benefit Association, Western Benefit Society and Burbank Mutual Life and Benefit Association, California corporations, and on November 27, 1937, judgment was rendered after trial in the same

case against Western Benefit Society and American Mutual Benefit Society, Arizona corporations, for something over $5,000. Thereafter, and on December 20, 1937, a writ after judgment was served on defendant herein, and it answered that it was indebted to American Mutual Benefit Society and Western Benefit Society, Arizona corporations, in the sums of $411.48 and $23.60, respectively, and that it knew of no persons who had any effects of any of said defendants in their possession. Plaintiff controverted this answer of the garnishee and tendered an issue in garnishment, wherein it set up as follows:

"That garnishee herein has failed to disclose in its answer on file herein whether or not it is now indebted to any person, partnership, corporation or other legal entity not named as a defendant herein, but in which one or more of the defendants herein have the power, by power of attorney, agent, president or otherwise to exercise control over said funds or indebtedness.

"That plaintiff alleges that the garnishee is indebted to or have effects belonging to C. Collins, or to some other individual, person or corporation or legal entity unknown to plaintiff, but that Cary O'Steen or some other defendant herein, is empowered by arrangement with garnishee herein, as agent, treasurer or attorney in fact for said C. Collins or other person, to exercise full control over said effects, indebtedness or other property held by garnishee.

"That said powers of attorney, corporate entities and arrangements are all fictitiously formed for the purpose of evading effective enforcement of the process herein, and that all funds and property held by the garnishee herein by persons or identities or corporations not parties to this action, but which are under the control of the parties hereto, is in fact the property of said defendants herein.

"That said garnishee should be required to disclose in its answer what if any such relationship exists between the parties to this action and said garnishee, and what if anything it is holding on behalf of some

person or corporation not a party hereto, but which is under the control of said defendants herein.

"That plaintiff is informed and believes that defendants herein and garnishee have transacted business heretofore in a similar manner, and that the sum of $2992.26 was paid to Cary O'Steen as agent for the Western Benefit Society, after a levy of a writ of garnishment against said Cary O'Steen, but prior to the time that said Western Benefit Society was made a party defendant herein, and that a contract of indemnity was entered into by the garnishee for its protection upon payment of said sum."

The garnishee answered the tender of issue by a general denial and a trial of the issue was duly had on April 15, 1938, at the conclusion of which the court made its order as follows:

"It is Ordered that the said issue in garnishment between the plaintiff and garnishee be discharged, and the garnishee discharged upon its answer."

This order was never appealed from. Thereafter plaintiff commenced the present action, and on August 29, 1938, filed the amended complaint upon which judgment was finally rendered. This complaint in substance sets up that the suit was filed in 1934, as above stated; the first garnishment and answer; the second garnishment and answer; the judgments of January 21, 1935, and November 27, 1937, and alleges that defendant prior to the issuance of the first writ had rented office space to Cary O'Steen and knew the nature of the business conducted by him, and that he had an interest in and sole control over the deposits of the Western Benefit Society, but notwithstanding knowledge of these facts it negligently, wilfully and fraudulently failed to disclose in its answer to the first writ the account of the Western Benefit Society, and stated that it knew of no persons who were indebted to Cary O'Steen; that on July 17, 1934, defendant allowed

Cary O'Steen to withdraw the money standing in the name of Western Benefit Society at the time of the garnishment of July 14th, amounting to $2,950, and place it in a safe deposit box different from that described in its answer as number 460, under the fictitious name of C. Collins, all of which facts were well known to the garnishee, the defendant herein, at the time; that plaintiff relied upon the truth of the answer and failed to controvert it, and, therefore, did not discover the true facts until September 22, 1937, and that he thereafter took out a writ of garnishment against defendant, had the same served, and controverted the return thereon, a hearing on which was had on April 15, 1938. It was further alleged that by reason of the false answers of defendant, and plaintiff's reliance thereon, the latter had been injured and suffered damage because Cary O'Steen had obtained possession of the $2,950 aforesaid.

Defendant demurred on the ground that the complaint did not state a cause of action, which demurrer was sustained, and plaintiff declining to plead further, judgment was rendered for defendant.

It is first argued by defendant that under the law of Arizona the only manner in which the answer of a garnishee can be attacked is by the procedure set up under sections 4272 and 4273, Revised Code of 1928, and that the complaint does not show that the answers of the garnishee to the writs issued in July and October, 1932, were ever so controverted. The complaint in the present action shows that it is based upon that theory that defendant made false and fraudulent representations to plaintiff when it was its duty as a matter of law to disclose the true facts, and relying upon said representations, and having no knowledge of the true facts at the time, plaintiff failed to controvert the answers of the garnishee under the code

provisions, and was damaged thereby in the amount set forth in the complaint.

We think that under the general principles of the common law such an action lies. It is true that garnishment proceedings are statutory in their nature, and if this action were one attempting to charge defendant *as a garnishee* we would be compelled to say that it did not follow the statute, and that the demurrer was properly sustained. But it is not an attempt to charge defendant as a garnishee, but one in tort for fraudulent representations which were relied upon by plaintiff. As a general principle of law when one under a duty to disclose facts to another fails to do so, and the other is injured thereby, an action in tort lies against the party whose failure to perform his duty caused the injury. There is no doubt that it was the duty of defendant to make a full and complete disclosure of the true facts in regard to its financial relations with the defendants when it was served with the writ in July, 1934. If, as alleged by plaintiff in the present case, it failed to do so, and plaintiff, relying upon those representations was injured thereby, an action in tort for damages would lie against it. *Moore* v. *Meyers,* 31 Ariz. 347, 253 Pac. 626.

We think the allegations of the complaint sufficiently set up facts which, if true, show the duty of defendant, the failure to perform such duty, and the damage thereby to plaintiff. Were this all that was disclosed by the record, we would be compelled to hold that the court improperly sustained the demurrer, and that defendant should have been required to answer. But it is claimed by defendant, and the record bears out its contention, that when the third garnishment was filed in 1937, plaintiff tendered an issue on it, showing clearly that at that time he had knowledge of the very facts upon which his present complaint is based, and

that he desired to have them litigated in the tender of issue, and that they were so litigated and judgment went against him on the issue.

We have held in the case of *Stewart* v. *Phoenix Nat. Bank,* 49 Ariz. 34, 64 Pac. (2d) 101, that courts take judicial notice of other actions involving similar parties and issues and of the pleadings therein, and that in passing upon the pleadings in one action they may and should consider the record in the other. The garnishment proceedings in the action of 1934 which are disclosed by the record are between the present plaintiff and defendant. An issue raised by the controverting of the answer to the last writ involved the identical question which is determinative of the present action, to-wit: whether defendant, with full knowledge of the true facts, answered falsely to any of the writs concerning the relations of Cary O'Steen to Western Benefit Society of Arizona and its deposits. Necessarily the judgment in that proceeding would be *res adjudicata* upon the issue which is the gist of the present proceeding, and since that was against plaintiff, he may not in another and different proceeding relitigate an issue which was involved in the judgment against him in the previous one.

In his reply brief plaintiff urges that it does not appear that the plea of *res adjudicata* was ever presented in the trial court or was an issue therein, and that under the rule laid down by this court cases must be tried in the appellate court on the same issue upon which they were tried in the lower court. It is true we so held in *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461, and many later cases, but in the case of *Munger* v. *Boardman,* 53 Ariz. 271, 88 Pac. (2d) 536, we declined to follow *Tevis* v. *Ryan, supra,* to its full extent, and held that when the record in a case on appeal shows affirmatively that certain facts exist sufficient to deter-

mine an issue which though not specifically presented and tried out in the lower court is necessarily decisive of the action, we will consider and determine the appeal upon that issue, notwithstanding it was never formally raised or litigated in the lower court.

Assuming, without determining, that the question of *res adjudicata* was never presented to nor considered by the trial court, it is evident from the abstract of record in the present case that if it had been, the court must have sustained it and rendered judgment in favor of defendant. Such being the case, it would be useless to send the case back, even if procedural error is shown, when the ultimate result could only be the same.

The judgment of the lower court is affirmed.

ROSS, C. J., and McALISTER, J., concur.