NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHAINE M., *Appellant*,

*v.*

PAMELA R., CHARLES R., T.R., *Appellees*.

No. 1 CA-JV 14-0090
FILED 10-07-2014

Appeal from the Superior Court in Maricopa County
No. JS507438
The Honorable James P. Beene, Judge

**AFFIRMED**

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

Curry Law Office, PLC, Chandler
By Andrea Curry
*Counsel for Appellees*

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Randall M. Howe and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

¶1          Chaine M. (Mother) appeals from the termination of her parental rights to T.R. (Child).  For the following reasons, we affirm the severance order.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Child was born in 2008.  When Child's parents divorced in 2012, the family court suspended Mother's parenting time because she was incarcerated and the court expressed concerns about Child's safety in Mother's care.  The decree of dissolution specifically noted that the father (Father) requested sole custody of Child because Mother "has been using drugs, is unstable in her living conditions, suffers from mental illness and is refusing to take her medication, is violent and has threatened violence against [Child]."  The family court also stated that Mother had endangered Child on several occasions, including one instance when Child was "found outside the home walking around without supervision."  Finding that "Mother's mental health issues [were significant factors] in determining child custody," the family court awarded sole custody of Child to Father.

¶3          Several months after the divorce, Child's paternal grandparents, Pamela and Charles R. (Appellees), were appointed as Child's permanent guardians in juvenile court.[1]  Appellees petitioned to terminate Mother's parental rights in 2013, citing abandonment under Arizona Revised Statute (A.R.S.) section 8-533.B.1 (West 2014)[2] and Mother's mental illness, mental deficiency, or history of chronic abuse of dangerous drugs, controlled substances or alcohol pursuant to A.R.S. § 8–533.B.3 (West 2014).

¶4          At the severance hearing, Appellees testified that they wanted to adopt Child and they had discussed adoption with Father.  They further testified that Father would voluntarily consent to the adoption, but they were prepared to petition for severance if Father did not consent.

¶5          Appellees further testified that Mother had a long history of mental illness and substance abuse.  Mother threatened them in 2011 by writing on an envelope sent from the Maricopa County jail that she wanted

---

[1]          Father is not a party to this appeal.

[2]          We cite to the current version of applicable statutes when no revisions material to this decision have since occurred.

"to shoot [their] brains out and eat them for lunch." Appellees believed severance was in Child's best interests because in their care, Child was "safe," "thriving," "in a stable environment," and because Mother's mental health issues would likely continue. Additionally, Appellees testified that they pursued severance to ensure Child could go to a good home if they became unable to care for her.

¶6 Mother did not testify but admitted at the conclusion of the hearing that she had "made many mistakes in the past," had a "bi-polar disorder" that caused "ups and downs in [her] life if gone untreated," had a "chemical addiction," and was "unable and unsafe to parent, if in [her] addiction." Mother also stated she was "one year clean and sober" and seeking treatment. Mother did not present any other evidence or testimony.

¶7 The juvenile court granted severance, finding clear and convincing evidence of abandonment and Mother's mental illness and chronic substance abuse. The court also found that severance would be in Child's best interests. Mother timely appealed, and we have jurisdiction pursuant to A.R.S §§ 8-235.A, 12-120.21.A.1, and -2101.A (West 2014).

## DISCUSSION

¶8 Mother contends on appeal that the juvenile court's findings were clearly erroneous. Terminating parental rights has two elements. First, clear and convincing evidence must establish one of the statutory grounds in A.R.S. § 8-533.B. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12, 995 P.2d 682, 685 (2000). Second, the juvenile court must find by a preponderance of evidence that severance is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 288, ¶ 42, 110 P.3d 1013, 1022 (2005). In reviewing a termination order, we will not reweigh the evidence, and view all evidence in the light most favorable to sustaining the juvenile court's rulings. *Ariz. Dep't of Econ. Sec. v. Rocky J.*, 234 Ariz. 437, 440, ¶ 12, 323 P.3d 720, 723 (App. 2014). We will affirm the juvenile court's findings unless no reasonable evidence supports them. *Id.*

¶9 We first conclude that clear and convincing evidence established the juvenile court's findings under A.R.S. § 8-533.B.3, which justifies termination of parental rights when:

> [T]he parent is unable to discharge parental responsibilities because of mental illness, mental deficiency or a history of chronic abuse of dangerous drugs, controlled substances or

alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period.

¶10 Here, the record supports the juvenile court's findings of mental illness and chronic substance abuse with reasonable grounds to believe the conditions would continue. Mother admitted that these conditions made her an unfit parent when left untreated. Further, the record indicates Mother is unpredictable in seeking treatment for her mental health issues. Mother was hospitalized for her mental health conditions as recently as February 2014, which required the severance proceeding to be delayed for over a month.

¶11 Although Mother stated at the severance hearing that she was "one year clean and sober," the record indicates Mother was incarcerated five months before the severance hearing for a probation violation involving marijuana. Mother was also cited for eleven disciplinary infractions by the Department of Corrections over the course of several incarcerations in 2013, including one instance of criminal damage and three instances of indecent exposure. Furthermore, Mother repeatedly attempted to disobey the order in the dissolution decree precluding her from contacting Child, and she presented no evidence of compliance with the decree that established prerequisites for reinstating her parenting time. Mother did attempt to have her parenting time reinstated by filing a petition for a hearing in October 2012. Her petition was dismissed, however, when both she and Father failed to appear at the return hearing after being ordered to appear.[3] This evidence supports the juvenile court's conclusion that Mother is unable to discharge her parental responsibilities because of mental illness and substance abuse, and reasonable grounds exist to believe Mother's conditions will continue.[4]

¶12 Mother argues that the mere existence of mental illness or a history of substance abuse does not sufficiently demonstrate an inability to

---

[3] The appellate record contains only Mother's October 2012 petition for a hearing, but we take judicial notice of the family court's orders regarding Mother's petition. *See Regan v. First Nat. Bank*, 55 Ariz. 320, 327, 101 P.2d 214, 217 (1940) ("courts [may] take judicial notice of other actions involving similar parties and issues.").

[4] Because we conclude Mother's history of mental illness and chronic substance abuse was established by clear and convincing evidence, we do not address the juvenile court's finding of abandonment under A.R.S. § 8-533.B.1.

discharge parental responsibilities. Mother further asserts that no evidence shows that her past diagnoses and substance abuse deprives her of a present ability to effectively parent a child. We agree that the mere existence of a past mental illness diagnosis or history of substance abuse is insufficient as clear and convincing evidence of present inability. *See Appeal in Maricopa County Juvenile Action No. JS-6831*, 155 Ariz. 556, 558, 748 P.2d 785, 787 (App. 1988) (noting that proof of a clear and convincing statutory ground for severance "must also show that [the] ground somehow deprives the parent of the ability to effectively care for the child."). However, the juvenile court, as the fact finder, must determine not only whether past mental illness or substance abuse exists, but also whether the evidence establishes "reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533.B.3.

¶13　　　Here, the juvenile court specifically found that Mother was unable to discharge her parental responsibilities based on the evidence presented and "[t]here are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." The evidence indicates that not only was Mother diagnosed with mental health and substance abuse problems, but also that these conditions had previously endangered Child and would continue in the future. Based on the evidence presented, the juvenile court reasonably concluded that Mother's conditions continued to deprive Mother of an ability to care for Child. Accordingly, we will not reverse the juvenile court, which was "in the best position to weigh the evidence, judge credibility of the parties, observe the parties, and make appropriate factual findings." *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 351, ¶ 31, 312 P.3d 861, 867 (App. 2013) (quoting *In re Pima Cnty. Juv. Action No. 93511*, 154 Ariz. 543, 546, 744 P.2d 455, 458 (App. 1987)).

¶14　　　Mother also challenges the juvenile court's finding that severance was in Child's best interests, arguing that the evidence failed to establish that severance would benefit or remove a harm to Child. Finding that terminating parental rights is in a child's best interests requires a juvenile court to conclude "either that the child will benefit from the termination of the relationship or that the child would be harmed by continuation of the relationship." *James S. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 351, 356, ¶ 18, 972 P.2d 684, 689 (App. 1998). Making a best interests determination necessarily obliges the juvenile court to balance the fundamental liberty interest a parent has to control and care for his or her child and the child's fundamental interest in a "normal family home." *Kent K.*, 210 Ariz. at 286, ¶ 34, 110 P.3d at 1020 (quoting *Santosky v. Kramer*, 455 U.S. 745, 759 (1982)).

¶15 Mother asserts that the juvenile court's best interests determination is legally insufficient in the same way as the vacated termination order in *Jose M. v. Eleanor J.*, 234 Ariz. 13, 316 P.3d 602 (App. 2014). Mother specifically contends that Appellees' adoptive plan "would not establish an increase in stability and permanency" to the extent necessary to justify severance. Mother's reliance on *Jose M.*, however, is misplaced. In *Jose M.*, Mother sought to terminate Father's parental rights so that her fiancé could adopt the child. *Id.* at 15, ¶ 8, 316 P.3d 602. The juvenile court terminated Father's rights and this court reversed and remanded. *Id.* at 14, ¶ 1, 316 P.3d 603.

¶16 In *Jose M.*, this court vacated the termination order because the juvenile court misunderstood the record in finding abandonment by clear and convincing evidence under A.R.S. § 8-533.B.1. The order was not terminated because there was a legally insufficient determination of best interests. *Id.* at 17, ¶ 19, 316 P.3d at 606. Although this court addressed the termination order's best interests finding, it did so to note that an adoptive plan requiring severance of one parent's rights to allow adoption by the fiancé of the other parent "*without more*, [would] not establish an increase in stability and permanency for [the child] to the degree necessary to demonstrate a benefit warranting severance[.]" (Emphasis added.) *Id.* at 18, ¶ 23, 110 P.3d at 607.

¶17 Unlike the parent appealing the severance order in *Jose M.*, more evidence supported the best interest in this case than just an adoptive plan – specific evidence shows that Mother is unable to parent and provide a safe environment for Child. Although Child's living arrangements would remain as they are currently, Appellees' stated interest in adopting Child is not the sole evidence that severance is in Child's best interests. Mother's actions and patterns of behavior have previously endangered Child's safety, and those same patterns persist in Mother's life. Based on the preponderance of evidence, the juvenile court reasonably concluded that terminating Mother's parental rights would benefit or prevent harm to Child, and we will not disturb that finding on appeal. *Rocky J.*, 234 Ariz. at 440, ¶ 12, 323 P.3d at 723.

## CONCLUSION

¶18        We affirm the juvenile court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh