NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

JASON GARRETT, *Plaintiff/Appellant,*

*v.*

PLATT AND WESTBY PC, et al., *Defendants/Appellees.*

No. 1 CA-CV 20-0195
FILED 12-29-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-094325

The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Blythe Grace PLLC, Phoenix
By Robert S. Reder, Alexandra Mijares Nash, Kiri T. Semerdjian
*Counsel for Plaintiff/Appellant*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Donald Wilson, Jr., Alicyn M. Freeman, Danielle N. Chronister
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**   Plaintiff Jason Garrett appeals the superior court's dismissal of his claims for legal malpractice and breach of fiduciary duty against the law firms of Platt and Westby, P.C. (the "Platt law firm") and Westby Law PLLC (the "Westby law firm"), as well as attorneys Elizabeth Westby ("Westby") and Andrew Rahtz ("Rahtz") (collectively, the "Defendants"). Because Garrett has shown no error, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**   In 2014, Garrett, along with Harinder and Raman Takyar (collectively, the "Takyars") and Donald Pierce, were named as defendants in a lawsuit filed in Maricopa County Superior Court. Garrett and Pierce hired Westby from the Westby law firm as legal counsel; the Takyars hired Rahtz from the Platt law firm.

**¶3**   In 2015, Garrett fired Westby, who then withdrew as counsel of record for both Garrett and Pierce. Garrett and Pierce represented themselves from that point forward.

**¶4**   In January 2017, Westby closed the Westby law firm and joined the Platt law firm, which continued, through Rahtz, to represent the Takyars in the lawsuit. Rahtz, on the Takyars behalf, filed a crossclaim against Garrett and Pierce.

**¶5**   Rahtz purported to serve the crossclaim and later pleadings on Garrett by mail, doing so at the wrong mailing address. When both Garrett and Pierce failed to timely respond to the crossclaim, Rahtz, on the Takyar's behalf, filed a notice for entry of default. *See* Ariz. R. Civ. P. 55(a)(2). In response, Pierce prepared a document titled "Answer to Stipulated Motion to Amend" (the "answer") and contacted Garrett. Pierce, who was living in Prescott, asked Garrett to file the answer with the superior court. Garrett went in person to the court, wrote his own name on the coversheet of the answer, providing his incorrect mailing address Rahtz

had been using, and filed the document with the clerk's office. Garrett later said that he wrote the incorrect address on the coversheet at the clerk's direction, and testified that he "skimmed through [the document]," but he "wasn't that interested . . . [and] didn't read it that closely." Garrett maintains that, despite filing the document and at least skimming it before doing so, he was not aware a crossclaim had been filed against him. The court granted Rahtz' motion to strike the answer, after Garrett failed to timely respond. Default was entered against Garrett and Pierce given the passage of time. *See* Ariz. R. Civ. P. 55(a). Rhatz then sought entry of default judgment and the court entered a default judgment against Garrett and Pierce, which with interest, exceeded $1,000,000.00 (the "judgment").

¶6            Garrett then hired an attorney and moved to set aside the default judgment. *See* Ariz. R. Civ. P. 60. Following briefing and an evidentiary hearing, the court denied the motion, finding that Garrett had notice of the crossclaim and no excusable neglect which would justify allowing him relief from the judgment.

¶7            Garrett then filed this legal malpractice and fiduciary duty case against Defendants. Garrett's complaint alleges that Defendants' failure to provide proper notice of the crossclaim, as well as Defendants' filing of the crossclaim where a conflict of interest existed due to Westby's representation of Garrett before she joined the Platt law firm, constituted legal malpractice. Additionally, Garrett alleges Defendants breached their fiduciary duties to him by filing the crossclaim and asserts that Defendants used confidential information obtained by Westby, to his disadvantage, in the crossclaim. Garrett seeks an award of punitive damages for both claims.

¶8            Defendants moved to dismiss the complaint arguing that collateral estoppel precluded Garrett from relitigating notice, and that Garrett failed to state claims for legal malpractice and breach of fiduciary duty. In considering the motion, the superior court in this case took judicial notice of the court's entire file, including the file in the underlying 2014 case and dismissed the complaint, reasoning, in part: "[Garrett] had notice of the cross-claim filed against him as a self-represented litigant in [the 2014 case] and [Garrett] failed to respond, through no fault of Defendants in this matter. The notice issue was specifically previously litigated in [the 2014 case]."

¶9            Garrett timely appealed and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶10         A party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Ariz. R. Civ. P. 12(b)(6). Arizona follows a notice pleading standard under which a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). "In evaluating a claim's sufficiency, we take as true 'all well-pleaded factual allegations and indulge all reasonable inferences from those facts,' but need not accept conclusory statements." *Goldberger v. State Farm Fire & Cas. Co.*, 247 Ariz. 261, 262, ¶ 4 (App. 2019) (quoting *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012)). "A court should dismiss a claim only if, under any interpretation of the well-pleaded facts, the plaintiff would not be entitled to relief." *Goldberger*, 247 Ariz. at 262, ¶ 4. In reviewing a superior court's finding that a complaint failed to state a claim, this court looks to the pleading itself, as well as to documents properly considered by the superior court, including items for which judicial notice was taken. *See Coleman*, 230 Ariz. at 356, ¶ 9 (noting that "[a] complaint's exhibits, or public records regarding matters referenced in a complaint," are not outside the pleading and may be considered in a motion to dismiss for failure to state a claim). Our review is de novo. *Goldberger*, 247 Ariz. at 262, ¶ 4.

   *I.    Legal Malpractice Claim*

¶11         Garrett contends the superior court erred in dismissing his malpractice claim because the complaint set forth sufficient facts showing he was entitled to relief and collateral estoppel did not preclude him from arguing lack of notice. To state a claim for legal malpractice, a plaintiff must allege "the existence of a duty, breach of duty, that the defendant's negligence was the *actual and proximate cause* of injury, and the 'nature and extent' of damages." *Glaze v. Larsen*, 207 Ariz. 26, 29, ¶ 12 (2004) (quoting *Phillips v. Clancy*, 152 Ariz. 415, 418 (App. 1986)) (emphasis added). To establish sufficient cause, a plaintiff must first plead and then prove that "but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit." *Phillips*, 152 Ariz. at 418.

   *A.   The Issue of Notice and Collateral Estoppel*

¶12         Collateral estoppel, or issue preclusion, applies when an issue was actually litigated in a prior proceeding, the parties had a full and fair opportunity and motive to litigate the issue, a valid and final decision on the merits was entered, resolution of the issue was essential to the decision, and there is common identity of the parties. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 9 (App. 2003). When a defendant invokes collateral

estoppel to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party, the "common identity of the parties" is not required. *Id.* at 223, ¶ 10.

**¶13** Garrett first contends that the superior court erred by taking judicial notice of prior pleadings and judgments filed in the 2014 case, and by basing its application of issue preclusion on the judicially noticed facts. We disagree. The court could take judicial notice of prior legal actions involving similar parties and issues. *Regan v. First Nat'l Bank,*55 Ariz. 320, 327 (1940) ("[C]ourts [may] take judicial notice of other actions involving similar parties and issues and of the pleadings therein, and that in passing upon the pleadings in one action they may and should consider the record in the other."); *see also* Ariz. R. Evid. 201. Thus, it was not improper for the court to take judicial notice of the entire file in underlying action, including the order in the 2014 case denying Garrett's Rule 60 motion.[1]

**¶14** Garrett next contends that collateral estoppel should not apply because resolution of the notice issue "is not" essential to the decision, the issue of whether he had notice was not fully and fairly litigated, the ruling was not on the merits, and the litigation involved different parties than this case.

**¶15** Still, in arguing resolution of the notice issue is not essential to the decision in this case, Garrett misstates the legal standard. The question is not whether resolution of the issue is essential in this case, it is whether resolution of the issue was essential to the *prior* decision in the 2014 case. *See Campbell*, 204 Ariz. at 223, ¶ 9; *see also Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 515, ¶ 10 (App. 1999) (holding that because the ruling was not essential to the judgment in the prior case, it was not entitled to preclusive effect in the next case). Here, the issue of notice was essential to the prior decision (the default judgment) in the 2014 case where the court determined Garrett had notice of the crossclaim and no excusable neglect justified relieving him from the judgment. *See* Ariz. R. Civ. P. 60(b)(1).

**¶16** Garrett claims the issue of notice was not fully and fairly litigated in the 2014 case because his "ability to present evidence through documents and witnesses [at the Rule 60 hearing] was limited" and that he had "no right to prehearing discovery and could not fully develop the record regarding the actual notice issue." However, the record shows the issue was fully briefed by the parties, the court held an evidentiary hearing

---

[1] Garrett does not argue that judicial notice ran afoul of Rule 12(d) limitations or required that the Rule 12(b)(6) motion be treated differently.

where Garrett testified, and the parties made arguments to the court in support of their positions. "Redetermination of issues [may be] warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana v. United States*, 440 U.S. 147, 164 n. 11 (1979). Here, procedures were properly followed in the prior litigation, and the issue was fully and fairly litigated. As a result, we decline to reopen the issue.

¶17 Garrett also argues that the ruling in the 2014 case was not on the merits. But the record shows Garrett "had actual notice" and "no excusable neglect which would justify allowing [] Garrett relief from default judgment." *See* Ariz. R. Civ. P. 60(b)(1) ("[T]he court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect.").

¶18 Lastly, we disregard Garrett's final argument over the lack of common identity of the parties, noting that Defendants employed the defensive use of collateral estoppel; thus, the common identity of the parties is not required. *See Campbell*, 204 Ariz. at 223, ¶ 10. On this record, the superior court did not err in finding collateral estoppel precluded Garrett from relitigating the issue of notice.

## B. The Filing of the Crossclaim

¶19 The superior court properly dismissed Garrett's allegation that by filing the crossclaim where a conflict of interest existed, Defendants' conduct constituted legal malpractice. As noted, *supra* ¶ 11, for Garrett to survive a motion to dismiss, he must allege that "but for" the Defendants' negligence, he would have been successful in the defense of the original suit. *See Phillips*, 152 Ariz. at 418. Accordingly, Garrett needed to plead *facts* which prove that but for Defendants' alleged negligent conduct—the filing of the crossclaim where a conflict existed—the default judgment would not have been entered against him. Garrett has not pled, nor alleged, how the conflict of interest caused the default judgment to be entered against him. In other words, Garrett has failed to plead facts showing that, had there been no conflict of interest, the default judgment would not have been entered against him. Assuming, *arguendo*, Defendants breached a duty to Garrett, that fact alone does not establish that Defendants' actions caused Garrett's injuries. *See* Ariz. R. Sup. Ct. 42, Preamble, Scope ¶ 20 ("Violation of a Rule should not itself give rise to a cause of action against a lawyer . . . [the Rules] are not designed to be a basis for civil liability."); *see also Cecala v. Newman*, 532 F. Supp. 2d 1118, 1141 (D. Ariz. 2007) ("State ethics rules do not, of course, create private rights of action for aggrieved clients."). Given

Garrett's failure to plead that he would have been successful in the defense of the suit "but for" the Defendants' conduct, the superior court properly dismissed this claim.

## II.     Breach of Fiduciary Duty Claim

¶20     Garrett claims that by filing the crossclaim when an alleged conflict of interest existed, and by "us[ing] confidential information obtained from Garrett, to Garrett's disadvantage and detriment . . . with respect to the [crossclaim]," Defendants breached their fiduciary duties and committed legal malpractice. To succeed on such a claim for breach of fiduciary duty, Garrett must prove: "(1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client." *Cecala*, 532 F. Supp. 2d at 1135.

¶21     For the same reasons espoused above, *supra* ¶ 19, the superior court properly dismissed Garrett's claim that Defendants' filing of the crossclaim constituted legal malpractice as Garrett has failed to plead causation. Additionally, because Garrett has stated only legal conclusions about Defendants' alleged use of confidential information and has failed to allege how the use of such confidential information caused the entry of default and the subsequent default judgment to be entered, the court did not err in dismissing this claim. *See Cullen*, 218 Ariz. at 419, ¶ 7 ("[A] complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8."). A default may be entered against "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Ariz. R. Civ. P. 55(a)(1). And entry of a default judgment properly then may follow. Ariz. R. Civ. P. 55(b). Here, the default entered because of Garrett's failure to timely respond, not because of the merits of the crossclaim. The entry of default judgment then followed. Therefore, because the alleged use of confidential information did not cause the entry of default or the default judgment to be entered, Garrett's claim must fail.

¶22     Because Garrett has not alleged sufficient facts to support his claims for legal malpractice and breach of fiduciary duty, we affirm the judgment dismissing Garrett's punitive damages claim.

## CONCLUSION

**¶23** For the foregoing reasons, we affirm. Defendants are granted their costs on appeal under A.R.S. § 12-342(A) upon compliance with Arizona Rule of Civil Appellate Procedure 21.

