381 P.2d 217

Eva Greene DAY, Appellant,

v.

The ESTATE of Mary Greene WISWALL,
Deceased, et al., Appellees.

No. 6915.

Supreme Court of Arizona,

En Banc.

May 8, 1963.
Rehearing Denied June 4, 1963.

Fennemore, Craig, Allen & McClennen, Phoenix, by John J. O'Connor III, Phoenix, Bryant & Moltzen, San Francisco, Harry C. Mabry, Los Angeles, Cal., for appellant.

John B. Tittmann, Albuquerque, N. M., James V. Robins, Nogales, (deceased) Favour & Quail, Prescott, for appellee Charles Harrison Greene.

Gentry & McNulty, Bisbee, for appellee George A. Wiswall.

Wesley E. Polley, Phoenix, for appellees Mary Virginia Greene Sturdivant and William C. Greene.

Evans, Kitchel & Jenckes, Phoenix, for appellee Frank Townsend Greene.

John M. Williams, Douglas, for appellee Florence Louise Greene Sharp.

James M. Murphy, Tucson, for appellee Clarence Kirk Greene.

JENNINGS, Justice.

■ Plaintiff-appellant brought suit against the executors and beneficiaries of her stepmother's estate to declare that portions of that estate and certain other property be held in constructive trust for the benefit of the plaintiff. Motions were made by two of the defendants-appellees to dismiss the amended complaint. The superior court granted judgment dismissing the complaint with prejudice and without leave to amend. At the hearing preceding the judgment, matters outside the pleadings

were considered, and the judgment will be treated as a summary judgment under Rules 12(b) and 56, Ariz.R.Civ.P., 16 A.R.S.

Plaintiff's amended complaint alleges two causes of action. The first is based on the theory that she was a pretermitted heir of her father, who died in 1911 domiciled in California, and for that reason is entitled to two twenty-firsts of his estate, which she claims can be traced through her stepmother's estate into the hands of these defendants. The second cause of action rests on the theory that plaintiff is the heir of all of the separate property and one-half of the community property of which her mother died possessed in 1899. She claims property now held by these defendants can be traced through the estates of her stepmother and her father to her mother's estate. No administration was ever made of the estate of plaintiff's mother.

■ We are met initially with the contention that the issues in this appeal are settled by the res judicata effect of a judgment rendered in the Superior Court of Los Angeles County, California, since the perfecting of this appeal. In reviewing the proceedings below the court does not look beyond the record on appeal. Crouch v. Truman, 84 Ariz. 360, 328 P.2d 614 (1958), Moran v. Jones, 75 Ariz. 175, 253 P.2d 891 (1953). However, where matters have occurred since the filing of the appeal which may make review of the proceedings

of the lower court inappropriate, such matters may be shown by extrinsic evidence and considered by the appellate court, 5 C.J.S. Appeal and Error § 1377 d. (3) and cases cited therein. The intervening final judgment of a court of competent jurisdiction on the same issues, and affecting the same parties, is a matter which may be brought to the attention of an appellate court, Ward v. Charlton, 177 Va. 101, 12 S.E.2d 791 (1941); Keely v. Ophir Hill Consolidated Mining Co., 169 F. 601 (8th Cir. 1909); Paine v. Schenectady Insurance Co., 11 R.I. 411 (1877).

■■ Under the doctrine of res judicata an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein, and also as to every point raised by the record which could have been decided, with respect to the parties or their privies, Hoff v. City of Mesa, 86 Ariz. 259, 344 P.2d 1013 (1959). Moreover, if two actions involving the same issues and parties are pending at the same time, when a judgment in one becomes final it may be raised in bar of the other, regardless of which action was begun first, Restatement, Judgments § 43; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974 (1947).

■ The defendants have filed with this court certified copies of the pleadings, pretrial order, findings of fact and conclusions

of law and the judgment in a consolidated trial of three suits brought by the plaintiff against the defendants in the Superior Court of Los Angeles County. Plaintiff does not deny that the parties were the same, nor that the issues in two of the suits, No. 666,006 and No. 714,004, were identical to those in the two causes of action alleged in plaintiff's complaint herein. She does not deny that the California judgment is now final. Her only contention is that the judgment in those actions was not a judgment on the merits. As to this question, we have all the evidence before us that could be presented in a trial court. If we were to remand for the consideration of the trial court, and its ruling were contrary to our view of the question, we would be compelled to reverse. We therefore will decide whether the California judgment was a judgment on the merits.

After a trial upon the facts, the California trial judge made this finding:

"The separate and community interests [which plaintiff seeks to reach] * * * have been so intermingled over the period of approximately 56 years that it would now be inequitable to segregate and evaluate such interest separately, and for such delay plaintiff is guilty of laches insofar as she seeks relief under actions * * * No. 666,-006 * * * [and] No. 714,004."

Judgment was entered that the plaintiff take nothing by reason of these actions. (Plaintiff did prevail in the California court on the third of the consolidated actions but this was subsequently reversed, Day v. Greene, Cal.App., 24 Cal.Rptr. 443 (1962).)

The plaintiff argues that a judgment rendered on the basis of laches, is, like a dismissal under the statute of limitations, not a judgment on the merits. For this reason it should have no res judicata effect, she contends. An older case supporting this view has been overruled in the federal courts on the basis of Rule 41(b) Fed.R.Civ. P., Bertha Building Corporation v. National Theatres Corp., 248 F.2d 833 (2d Cir. 1957); Murphy v. A/S Sobral, 186 F.Supp. 163 (D.N.Y.1960); cf. Hoff v. City of Mesa, supra.

 Unlike the statute of limitations, the doctrine of laches is properly applied only after a consideration of the circumstances and merits of a suit, Dresser v. City of Torrence, 140 Cal.App.2d 42, 294 P.2d 962 (1956). Delay or lapse of time alone is not laches; there must be shown some injury or prejudice to another, Klengla v. Stewart, 82 Ariz. 365, 313 P.2d 424 (1957); Dresser v. City of Torrence, supra. The judgment in the California suit was not one of dismissal, but, after a full hearing and consideration of evidence and a finding

**404**

of laches as a fact, was that the plaintiff *take nothing* by reason of the actions. It was therefore a judgment on the merits.

We hold that the California judgment is res judicata as to the issues in the case now before us. It thus becomes unnecessary to review the proceedings below. We will affirm the judgment of the lower court if the result is the only one that could be legally reached, Davis v. Weber, Ariz., 380 P.2d 608 (1963), although the lower court ruled on different grounds, In re Sherrill's Estate, 92 Ariz. 39, 373 P.2d 353 (1962).

The judgment of dismissal is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.