416 P.2d 1015

**SWANSEA PROPERTIES, INC., Appellant,**

v.

**Sam HEDRICK, Sr., Elmer R. Ragsdale, James C. Hedrick, Richard C. Newth, and John E. Challinor, Appellees.**

**I CA–CIV 313.**

Court of Appeals of Arizona.

July 27, 1966.

Rehearing Denied Sept. 2, 1966.

of these claims after they were abandoned or forfeited by defendant for failure to do annual assessment work.

Briefly the facts are: The same parties were involved in an earlier quiet title action (Case No. 21486) covering the same ground although the names of the claims were different. The earlier claims were called Iron Horse and the present ones have been named Ferro Caballo.

Although the trial court took judicial notice of its file No. 21486, this Court can only consider that which appears on the record before us. In reviewing the proceedings below we do not look beyond the record on appeal. Lawless v. St. Paul Fire & Marine Insurance Co., etc., 100 Ariz. ——, 415 P.2d 97 (1966); Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963); State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 367 P.2d 665 (1961). The order granting the motion for summary judgment contains the only information regarding this lawsuit. The court said:

"The file in #21486 shows that on June 1, 1964, the Court ordered the trial reopened on the question of 'mineral in place' in the discovery shafts and subsequently held that the failure of plaintiff to establish 'mineral in place' in the discovery shafts was fatal to certain of the claims being litigated at that time. (these claims covered the same ground as the Ferro Caballo claims) The court dismissed the case as to them and entered judgment quieting title in certain other claims where the existence of 'mineral in place' in the discovery shafts had been established."

As background the following facts are helpful. While the parties were involved in the quiet title action No. 21486, the plaintiffs noting that the defendant had done no assessment work during the mining year September 1, 1962 through September, 1963 on the area in dispute (Iron Horse claims 1 through 17) and that it had not petitioned the Federal Government for

Ingraham, Dennis & Jones, by F. Lewis Ingraham, Yuma, for appellant.

Mackenzie, Scott, Gasser & Bolze, by Albert H. Mackenzie, Phoenix, for appellees.

DONOFRIO, Judge.

This is an appeal by Swansea Properties, Inc., defendant below, from the granting of summary judgment in favor of the appellees, plaintiffs below, Sam Hedrick, Sr., Elmer R. Ragsdale, James C. Hedrick, Richard C. Newth and John E. Challinor. We shall hereafter designate the parties as they appeared below.

Plaintiffs brought this action to quiet title to a group of sixteen unpatented mining claims, Ferro Caballo, Nos. 1 through 4, and 6 through 17, located in Yuma County. Their right is based on relocations

a deferment of the annual assessment work pending the litigation as provided by 30 U.S.C.A. Sec. 28b through 28e thereupon relocated the same grounds on March 28, 1964 with their Ferro Caballo claims. This was around seven months after the deadline for doing the annual assessment work of September 1, 1963.

■ There is no genuine issue as to any material fact on this point. The motion for summary judgment had attached to it an affidavit of John E. Challinor wherein he set forth facts and stated that defendant did not perform any assessment work at any time between November 4, 1961 and July 19, 1964. The defendant is obligated to file affidavits in opposition thereto otherwise the facts stated therein are to be accepted as true. Martinez v. Coombs, 93 Ariz. 127, 379 P.2d 118 (1963).

■ Plaintiffs contend that the mining ground in question became open for location when the defendant failed to keep up its assessment work. Defendant, on the other hand, urges that plaintiffs as parties to suit No. 21486, are precluded from taking advantage of the failure of the defendant to do the required assessment work during the pendency of said suit and are estopped from relocating the claim.

We cannot agree with defendant. The language involved is contained in 30 U.S. C.A. § 28, as amended, and reads as follows:

"On each claim located after the 10th day of May 1872, and until a patent has been issued therefor, not less than $100 worth of labor shall be performed or improvements made during each year * * *; and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location."

and 30 U.S.C.A. § 28b reads as follows:

"The performance of not less than $100 worth of labor or the making of improvements aggregating such amount, which labor or improvements are required under the provisions of section 28 of this title to be made during each year, may be deferred by the Secretary of the Interior as to any mining claim or group of claims in the United States upon the submission by the claimant of evidence satisfactory to the Secretary that such mining claim or group of claims is surrounded by lands over which a right-of-way for the performance of such assessment work has been denied or is in litigation or is in the process of acquisition under State law or that other legal impediments exist which affect the right of the claimant to enter upon the surface of such claim or group of claims or to gain access to the boundaries thereof."

No petition to the Secretary of Interior was ever obtained or sought to be obtained by defendant during the pendency of the prior suit. The statutes are clear and unambiguous in their wording. The language has been applied in Arizona in Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P.2d 544 (1942) wherein the court stated:

"It is undoubtedly the law that if the maker of a valid location of mining claims on government land fails to do his annual assessment work, as provided by law, his rights cease and the property then becomes open to location by another."

The court went on to say that:

"But it is also the law that if the other occupies a fiduciary relation to the original locator of *such a nature that it is a breach of trust for him to relocate the claims,* the relocation inures to the benefit of the original locator, and the later locator will be held to hold in trust for the earlier one." (Citations omitted) (Emphasis original)  59 Ariz. at 169, 170, 124 P.2d at 548.

To this same effect is Hartman Gold Mining Co. v. Warning, 40 Ariz. 267, 11 P.2d 854 (1932). There has been no suggestion that plaintiffs herein occupied such a fiduciary position during the period of the prior trial. It can hardly be contended that adverse parties to a lawsuit stand in a fiduciary relationship to one another as to matters involved in the lawsuit.

There is no conduct by plaintiffs which can be relied upon by defendant which would have caused defendant not to perfect the necessary assessment work deferment. Although the case of Poore v. Kaufman, 44 Mont. 248, 119 P. 785 (1911) is distinguishable from the case at bar in that in the case the relocator was not one of the parties to a pending quiet title suit, the language therein is helpful on the necessity of doing annual assessment work. The court stated:

> "That neither the pendency of the proceedings for patent before the land office, *nor the adverse suit by Thornton and others,* relieved Kaufman from the necessity of doing the annual representation work upon his Little Spring claim is settled beyond controversy. The duty to perform such work continued until payment of the purchase price is made to the government (citations omitted); and failure to perform such work subjects the claim to relocation. (citations omitted)" 119 P. at p. 786 (Emphasis supplied)

It is our opinion that the rule should be the same when applied to a situation where the relocation was made at a time when the relocator was a party to pending litigation.

 The estoppel contended for sounds in equity, but when the equities are equal, the law will prevail. Monaghan v. Barnes, 48 Ariz. 213, 61 P.2d 158 (1936). Our Supreme Court in Cloeter v. Superior Court, 86 Ariz. 400, 347 P.2d 33 (1959) stated:

> "* * * that courts in equity are as much bound by the plain and positive provisions of a statute as are courts of

law, and where rights are clearly established and defined by statute, equity has no power to change or upset such rights." 86 Ariz. at 402, 347 P.2d at 34.

In the present case defendant is given by statute, clear and simple in its terms, an adequate remedy that would have prevented the controversy herein had defendant sought to avail himself of it. Defendant's contention is without merit.

Judgment affirmed.

STEVENS, C. J., and CAMERON, J., concur.