462 P.2d 90

John VISCO, Appellant,

v.

UNIVERSAL REFUSE REMOVAL COMPA-
NY, a California corporation, Appellee.

No. I CA–CIV 973.

Court of Appeals of Arizona,
Division 1.

Department B.

Dec. 8, 1969.

Rehearing Denied Jan. 2, 1970.

Review Denied Feb. 3, 1970.

R. G. Langmade, Phoenix, for appellant.

William J. Richmond, Richmond, Ajamie
& Fay, Phoenix, and Marvin Jubas, Spens-
ley, Horn & Jubas, Los Angeles, Cal., for
appellee.

EUBANK, Presiding Judge.

Mr. John Visco appeals from the judg-
ment and denial of his motion for a new
trial entered by the Maricopa County Supe-

rior Court sitting without a jury. The Court filed findings of fact and conclusions of law in support of the judgment.

Appellant raises two questions on appeal; they are:

"I.

Whether the trial Court may take JUDICIAL NOTICE of the files of the [Maricopa County] Clerk's office on a plea of res judicata or "collateral estoppel" by reason of a former judgment, without introducing the records in that case by way of proof to establish that the facts, the issues, and the parties were the same.

"II.

If JUDICIAL NOTICE may be taken, the Findings made by the Court, on the face, do not support the Conclusions of Law, and the evidence does not support the Findings."

\* \* \* \* \* \*

■ These questions require a review of the trial court's action in taking judicial notice of Maricopa County Superior Court File No. 180825 [1] and a determination of whether or not it abused its discretion after taking judicial notice of said file. It is the general rule that the exercise of a court's discretion will not be disturbed unless it is plainly wrong. Fought v. Fought, 94 Ariz. 187, 382 P.2d 667, 668 (1963).

■ In Arizona it is proper for a court to take judicial notice of the record in another action tried in that same court. Reidy v. O'Malley Lumber Co., 92 Ariz. 130, 132, 374 P.2d 882 (1962); Regan v. First National Bank of Arizona, 55 Ariz. 320, 327, 101 P.2d 214, 217 (1940); Clifford v. White, 54 Ariz. 252, 265, 94 P.2d 875, 880 (1939); Stewart v. Phoenix National Bank, 49 Ariz. 34, 38, 64 P.2d 101, 103 (1937); Udall, Arizona Law of Evidence, Section 202; C. T. McCormick, Evidence, Section 327, pp. 701–702 (Ed.1954). But once judicial notice has been taken the application of the doctrine of res judicata is conditioned upon the action to be noticed involving similar parties and issues. Stewart and Regan, supra.

■ We are greatly handicapped in determining these questions because appellant has failed to provide this court with the complete record of the trial. Missing is the reporter's transcript and Maricopa County Superior Court File No. 180825, of which the court took judicial notice. Fortunately, appellee included within its Supplemental Abstract of Record a small portion of the reporter's transcript which deals with File No. 180825. It shows that the entire Maricopa Civil File No. 180825 was physically brought from the Clerk of Court's office into open court in the instant case, in support of appellee's motion to dismiss; that it was presented to the trial judge by appellee's counsel with the

---

1. "FINDINGS OF FACT

\* \* \* \* \*

5. That on or about December 29, 1965, the aforesaid suit, Cause No. 180825, was dismissed with prejudice, a General Release of All Claims was signed by John Visco, individually, and as president of Arizona Mill Supply, and a bill of sale was executed whereby John Visco, individually, and as president of Arizona Mill Supply, sold all of the assets of Arizona Mill Supply to Universal Refuse Removal. John Visco was represented by counsel when the foregoing dismissal, general release, and bill of sale were executed after he read the documents in the office of his lawyer, Otto Linsenmeyer, and after he had consulted with attorney Grover Langmade.

6. That Universal By-Products and Universal Refuse Removal Co. are parent and subsidiary corporations, respectively, and Universal Refuse Co. herein is the same business entity and in effect the same Universal Refuse Removal Co. as was a defendant in the aforementioned Civil Cause No. 180825, which was dismissed with prejudice.

7. That the parties, issues and facts raised in Civil Cause No. 180825 are the same as presented to the court in this cause of action.

8. Any issues raised herein which were not raised in the prior Cause No. 180825, are issues which could have been raised in that cause."

\* \* \* \* \*

request that the court take judicial notice of the file; and that the file was offered into evidence on the basis that the stipulated order of dismissal with prejudice entered in Case No. 180825 was binding on the parties in the instant case. No objection was made by appellant's counsel to the introduction of the file into evidence; in fact, counsel for appellant called the court's attention to the complaint in the file, requested it to be judicially noticed, and argued that there was a difference as to the party defendants in the two cases.[2] The court, after stating that it would take judicial notice of any files in the Clerk's Office and after hearing arguments on the similarity and dissimilarity of parties and issues, took the matter under advisement stating, "Gentlemen, many of these documents I am seeing for the first time. I will have to read them. * * *" Sometime later the trial court announced its decision and filed its findings of fact specifically noting therein that it took judicial notice of the File No. 180825.

Under these facts we are of the opinion that the trial court did properly take judicial notice of Maricopa Civil File No. 180825.

Proceeding now to the question of whether the facts warranted the application of the doctrine of res judicata, where an appellant, as in this case, contends that the trial court's findings are not supported by the evidence it is incumbent upon him to bring before this court all of the evidence considered by the court at the trial. Orlando v. Northcutt, 103 Ariz. 298, 441 P.2d 58 (1968); Phoenix Finance Company v. Culley, 7 Ariz.App. 393, 439 P.2d 840 (1968); Swansea Properties, Inc. v. Hedrick, 3 Ariz.App. 594, 416 P.2d 1015 (1966). Rule 52(a), Rules of Civil Procedure, 16 A.R.S., requires that:

"* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

A finding of fact cannot be "clearly erroneous" if there is substantial evidence to support it. Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960); Reliable Electric Co. v. Clinton Campbell Contractor, Inc., 10 Ariz.App. 371, 459 P.2d 98, 100 (1969). How can this Court test whether or not there is substantial evidence to support the judgment, when part of the evidence, including File No. 180825, is missing? The question answers itself—this Court cannot review the evidence.

Appellant contends, however, that it was appellee's responsibility to properly introduce the court file to be judicially noticed into evidence in this case.[3] In Swansea Properties, Inc. v. Hedrick, supra, the trial court, as in this case, took judicial notice of another court file, and the appellant failed to make it a part of the record on appeal. The court said at page 595 of 3 Ariz. App. at page 1017 of 416 P.2d:

"Although the trial court took judicial notice of its file No. 21486, this Court can only consider that which appears on the record before us. In reviewing the proceedings below we do not look beyond the record on appeal. Lawless v. St. Paul Fire & Marine Insurance Co., etc., 100 Ariz. 392, 415 P.2d 97 (1966); Day v. Wiswall's Estate, 93 Ariz. 400, 381 P. 2d 217 (1963); State Automobile & Casualty Underwriters v. Engler, 90 Ariz. 321, 367 P.2d 665 (1961). * * *"

Subsequently, in Adolph Mozes v. Robert Daru, 4 Ariz.App. 385 at 390; 420 P.2d 957 (1966), after setting forth a recitation from the judgment of the trial court, Division 2 of this Court said:

"From these recitations it may be properly assumed that the trial court took judicial notice of the seven cases above re-

---

2. The file was not marked for identification or marked as an exhibit in evidence, as required by Rule 43(f), Rules of Civil Procedure, 16 A.R.S., but was introduced and accepted into evidence as a defendant's exhibit by the trial court. This procedure was not objected to by appellant; consequently, the error, if any, was waived.

3. See footnote 2.

ferred to. These files have not been transmitted to the appellate court nor is any portion of any of them set forth in the abstract of record. * * *"

The Court then quoted the same paragraph heretofore quoted from Swansea, supra, in rejecting appellant's contention in that case that the obligation for the record was not his.

The obligation for a complete record on appeal clearly lies with the appellant. Having failed to meet this burden, we can do nothing else but presume, as the court did in Mozes, supra, that the trial court properly exercised its discretion and that there was substantial evidence in the complete record to support the judgment.

The judgment of the trial court is affirmed.

HAIRE and JACOBSON, JJ., concur.