504 P.2d 507

**In the Matter of the ESTATE of Joseph Thomas O'BRIEN, Deceased, and Caroline Brandt O'Brien, Deceased.**

**In the Matter of the GUARDIANSHIP OF the Estate of Robert George O'BRIEN and Thomas Henry O'Brien, minors.**

**Suzanne BATES, Kenneth Biaett and Irving H. Bahde, Jr., Guardians ad Litem for Eugene Grant, et al., Appellants,**

v.

**Herbert MALLAMO, Individually and as Administrator with the Will Annexed of the Estate of Joseph T. O'Brien, Deceased, et. al., Appellees.**

**No. I CA–CIV 1951.**

Court of Appeals of Arizona,
Division 1,
Department B.
Dec. 28, 1972.
Review Denied Feb. 6, 1973.

Biaett & Bahde by Kenneth Biaett, Phoe-
:nix, for appellants.

Herbert Mallamo, Phoenix, for appellee
Mallamo.

John W. Rood, Phoenix, for appellees
Minne & Sorenson and Jack C. Cavness.

Jennings, Strouss & Salmon by Richard
L. Lassen, Phoenix, for appellee Great
Western Bank.

SUPPLEMENTAL OPINION

JACOBSON, Judge.

On October 26, 1972, this court rendered
its opinion in In re Estate of O'Brien, 18
Ariz.App. 375, 502 P.2d 176 (1972). Time-
ly motions for rehearing were filed by
appellants Suzanne Bates and Kenneth
Biaett and Irving H. Bahde, guardians ad
litem; appellee Great Western Bank; and
appellees Minne & Sorenson and Jack C.
Cavness. Responses by those parties af-
fected by the motions for rehearing have
also been filed. The court has considered
all motions for rehearing and the responses
thereto.

The court is of the opinion that all of
the matters raised by the motions for re-
hearing have been previously considered
and decided by the court in its previous
opinion, except one issue raised by appel-
lees Minne & Sorenson and Jack C. Cav-
ness. This one issue is the alleged incom-
pleteness of our opinion in failing to direct
the probate court to allow attorney's fees
earned by these appellees against the
guardianship estate represented by these at-
torneys. We are of the opinion that this
point is well taken.

In our previous opinion, the court indi-
cated that attorneys Minne & Sorenson and
Jack C. Cavness represented the guardian
of the adopted minor children of Caroline
Brandt O'Brien in the will contest of Caro-
line's estate. Following completion of that
contest, Minne & Sorenson and Jack C.
Cavness (hereafter collectively referred to
as Cavness) filed a petition for attorney's
fees in both the guardianship estate of the
adopted minor children and in the estate
of Caroline Brandt O'Brien. The probate
court allowed the Cavness claim in Caro-
line's estate.

Our previous opinion reversed this or-
der. However, in that previous opinion
this court pointed out that none of the par-
ties seriously questioned the right of Cav-
ness to be paid from the guardianship es-
tate. Moreover, the probate court directed

that special counsel be appointed in the adopted minors' estate so as to avoid a conflict of interest which may have arisen as to the reasonableness of the Cavness fee, their claim having been filed also against the guardianship estate. Our previous opinion in this regard noted that the reasonableness of the Cavness fee was not questioned in the appeal, and that those parties desiring to do so were precluded because of a failure to file a cross appeal.

With this procedural background in mind, we are of the opinion that the reasonableness of the Cavness fee was determined by the probate court and is at this point in time res judicata. Application of Stone, 14 Ariz.App. 109, 481 P.2d 280 (1971); Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 408 P.2d 849 (1965); Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963). It is further the opinion of the charge against the guardianship estate of court that the Cavness fee is a proper the adopted minor children. *See*, Merkel v. Long, 372 Mich. 144, 125 N.W.2d 284 (1963), aff'd. in part, rev'd. in part, 375 Mich. 214, 134 N.W.2d 179 (1965); In re Estate and Guardianship of Sorrells, 58 Ariz. 25, 117 P.2d 96 (1941); In re Estate and Guardianship of Vermeersch, 15 Ariz. App. 315, 488 P.2d 671 (1971); Mutual Life Ins. Co. of N. Y. v. Ginsburg, 228 F.2d 881 (3rd Cir. 1956), cert. denied Ginsburg v. Gregg, 351 U.S. 979, 76 S.Ct. 1050, 100 L. Ed. 1495 (1956).

The prior opinion of this court is modified to the extent and only to the extent of directing the probate court to allow payment of the Cavness claim, in the amount previously determined, from the guardianship estate of Robert George O'Brien and Thomas Henry O'Brien. In all other respects our previous opinion is confirmed, and upon the filing of this supplemental opinion all motions for rehearing are denied.

HAIRE, C. J., Division 1 and EUBANK, J., concur.