NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JACE FRANK EDEN, *Plaintiff/Appellant*,

*v.*

GERALDINE A. DEUBLEIN, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0048
FILED 1-23-2018

Appeal from the Superior Court in Navajo County
No. S0900CV201500304
The Honorable Ralph E. Hatch, Judge

**AFFIRMED**

COUNSEL

Jace Frank Eden, Show Low
*Plaintiff/Appellant*

Moore Law Firm, PLLC, Show Low
By Nicholas D. Patton
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

**¶1**　　　　Jace Frank Eden appeals the superior court's order declaring him a vexatious litigant.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　In 2013, Geraldine A. Deublein, as Trustee of the Geraldine Ann Deublein Living Trust dated August 10, 2005, filed an application for a preliminary injunction and a complaint for a declaratory judgment regarding the validity of an easement benefiting her property and a request for a permanent injunction enjoining the named defendants in that case—including Branding Iron Plaza, L.L.C., of which Eden was a member—from blocking the easement.  The case was assigned case number CV2013-00190 in Navajo County Superior Court.  The superior court affirmed the validity of the easement and enjoined the defendants from blocking the easement. The resulting judgment became final.

**¶3**　　　　In August 2014, Eden filed case number CV2014-00435 in Navajo County against Deublein, Tiffany Cywinski, and others, alleging that the easement in the above case was invalid.  The defendants in that case moved to dismiss, arguing Eden's case was barred by the doctrine of *res judicata*.  In December 2015, the superior court granted the motion to dismiss, and this court affirmed the order dismissing Eden's complaint. *See Eden v. Deublein*, 1 CA-CV 15-0854, 2017 WL 929747, at *2-3, ¶¶ 6, 13 (Ariz. App. Mar. 9, 2017) (mem. decision).

**¶4**　　　　While case number CV2014-00435 was pending, Eden filed this case, numbered CV2015-00304, on July 17, 2015, again naming Deublein, Cywinski, and others as defendants.  This case was also dismissed by the superior court as barred by the doctrine of *res judicata*. Before dismissal, however, the Presiding Judge of Navajo County authorized the superior court to declare Eden a vexatious litigant, and in the order dismissing this case, the court did so, referencing case numbers CV2013-00190 and CV2014-00435.

¶5            Eden timely appealed, and in August 2016, this court dismissed the portions of Eden's appeal not related to the issue of Eden being a vexatious litigant and directed the parties to brief only that issue. Because the part of the superior court's order designating Eden a vexatious litigant is in effect an order granting an injunction, we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(5)(b) (2016).[1] *See Madison v. Groseth*, 230 Ariz. 8, 13 n.8, ¶ 16 (App. 2012).

## ANALYSIS

¶6            Eden argues the superior court erred in declaring him a vexatious litigant.[2]  We disagree.

¶7            Courts in Arizona possess inherent authority to restrict a vexatious litigant's ability to initiate additional lawsuits. *Madison*, 230 Ariz. at 14, ¶ 17.  Because a litigant's access to courts is a fundamental right, however, "such orders must be entered sparingly and appropriately."  *Id.* (citation omitted).

¶8            The superior court may, upon its own motion or the request of a party, "designate a pro se litigant a vexatious litigant," if it "finds the pro se litigant engaged in vexatious conduct."  A.R.S. § 12-3201(A), (C) (2016).  This designation prohibits the litigant from filing "a new pleading, motion or other document without prior leave of the court."  A.R.S. § 12–3201(B).  Vexatious conduct includes but is not limited to: (1) the repeated filing of court actions solely or primarily for the purposes of harassment, (2) unreasonably expanding or delaying court proceedings, (3) court actions brought or defended without substantial justification, or (4) the repeated

---

[1]      We cite the current version of all statutes because no revisions material to our decision have occurred since the court's order.

[2]      Eden has twice been designated a vexatious litigant in Navajo County Superior Court, once in November 2015 (the order at issue in this appeal) and again in April 2016 in case number CV2015-00417.  On March 23, 2017, this court issued a memorandum decision affirming the April 2016 order declaring Eden a vexatious litigant. *Eden v. City of Show Low*, 1 CA-CV 16-0373, 2017 WL 1090896, at *3-4, ¶¶ 13-17 (Ariz. App. Mar. 23, 2017) (mem. decision).  Eden was also declared a vexatious litigant by this court in Administrative Order 2017-02, filed May 9, 2017, and his appeal in this case was dismissed, but was later reinstated by order of this court.

filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation. A.R.S. § 12-3201(E).

¶9        Because we treat the superior court's order as a grant of injunctive relief, we review it for an abuse of discretion. *See Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000); *see also De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (reviewing a vexatious-litigant order for an abuse of discretion).

¶10       In its order, the superior court found Eden "filed 34 pro-se frivolous filings" in that court in case number CV2013-00190, and then attempted to challenge the resulting order in that case through a petition for special action in this court and a petition for review in the Arizona Supreme Court, but his attempts were denied. The superior court also noted "[a]s further evidence of the harassing nature of Jace Eden's pro-se complaint in this case" that Eden filed case number CV2014-00435, which was based upon the same issues previously adjudicated in CV2013-00190. Finally, Eden filed this case (case number CV2015-00304), again based upon the same issues and facts previously litigated in CV2013-00190. The superior court recognized that Eden had two cases pending in the Court of Appeals "on an issue that has already been adjudicated to final judgment in a third case." The superior court reasoned that, with Eden's history of frivolous filings, it could not "permit him to harass the named Defendants by filing frivolous lawsuits against them over issues already adjudicated in the Courts."

¶11       The superior court properly took judicial notice of the record in the other actions tried in that same court. *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74 (1969). On appeal, however, Eden has failed to provide this court with the record for CV2013-00190 and CV2014-00435, and as the appellant, Eden bore the responsibility of ensuring that the record on appeal is complete. *See id.* at 76. When the record is incomplete, we presume substantial evidence exists in the complete record to support the superior court's findings and exercise of discretion. *Id.*

¶12       We are able, however, to access and take judicial notice of the electronic records provided this court in the numerous other appeals and special actions filed by Eden related to the underlying easement issue, including the electronic record from CV2014-00435, which this court utilized in deciding *Eden v. Deublein*, 1 CA-CV 15-0854, 2017 WL 929747. The record provided this court overwhelmingly supports the superior court's order, not only in terms of the sheer volume of documents and pleadings repeatedly filed by Eden, but also in terms of their obviously

frivolous and harassing nature, given that the underlying easement issue is *res judicata*. Accordingly, we affirm the superior court's declaration of Eden as a vexatious litigant, and that Eden is barred from bringing another matter related to the real property and easement addressed by the superior court's previous orders unless a new injury occurs.[3]

**¶13** The appellees request attorneys' fees and costs related to this appeal, and although they have not cited ARCAP 25 or A.R.S. §§ 12–349 (2016) and 12–350 (2016) as support for their request, we conclude that an award of attorneys' fees pursuant to these authorities is appropriate. Based on our review of the record and the briefing on appeal, Eden brought this action and filed this appeal without substantial justification. *See* A.R.S. § 12–349(A)(1), (F). Our conclusion is supported by the same reasoning relied upon by this court in *Eden v. City of Show Low*, 1 CA-CV 16-0373, 2017 WL 1090896, at *4, ¶ 18. *See also* Ariz. Ct. App. Admin. Order No. 2017-02. Accordingly, we award reasonable attorneys' fees on appeal to the appellees as a sanction against Eden under ARCAP 25 and A.R.S. §§ 12–349 and 12-350, as well as taxable costs pursuant to A.R.S. § 12-341 (2016), contingent upon the appellees' compliance with ARCAP 21.

---

[3] This court's May 9, 2017 administrative order continues to be in full force and effect. Accordingly, pursuant to that administrative order, Eden may not file any petitions for special action or similar filings in this court addressing issues regarding any part of the parcel of real property identified as parcel, tract, or plot map references 210-14-018A, 210-14-018B, 210-14-020B, and 210-14-060 and ingress/egress and utility easements regarding that specific parcel of real property without first obtaining leave of this court. In seeking leave to file such a petition for special action or similar filing, Eden must file, for the attention of the Chief Judge of this court, a request for leave that identifies the specific issues to be raised in the proposed petition or similar filing, that identifies the specific official action or order of which review is sought, and that attaches the proposed petition for special action or similar filing. Any such petition for special action or similar filing made without leave of this court will be dismissed by this court pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 25. In considering whether to grant any request by Eden for leave to file such a petition for special action or similar filing, this court will consider, *inter alia*, whether the petition or similar filing raises a non-frivolous challenge to an official action or order.

**CONCLUSION**

**¶14** We affirm the superior court's order declaring Eden a vexatious litigant.



AMY M. WOOD • Clerk of the Court
FILED:  AA