NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NANCY KNIGHT, *Plaintiff/Appellant,*

*v.*

T'SHURA-ANN ELIAS, *Defendant/Appellee.*

No. 1 CA-CV 25-0618

FILED 03-24-2026

Appeal from the Superior Court in Mohave County
No. S8015CV202500843
The Honorable Megan A. McCoy, Judge

**AFFIRMED**

APPEARANCES

Nancy Knight, Fort Mohave
*Plaintiff/Appellant*

Gordon Rees Scully Mansukhani, LLP, Phoenix
By Matthew G. Kleiner and Solomon S. Krotzer
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which
Judge Anni Hill Foster and Chief Judge Randall M. Howe joined.

**G A S S**, Judge:

¶1 Nancy Knight appeals the superior court's order dismissing her complaint against T'Shura-Ann Elias, who was opposing counsel in a case in which Knight was a party. Because the superior court did not err in dismissing her complaint, the court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The court views the facts "in the light most favorable to the non-moving party." *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 69 ¶ 2 (App. 2014). The court assumes "the truth of all well-pleaded factual allegations and indulge[s] all reasonable inferences from those facts." *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 9 (2012). But the court does not accept as true "conclusions of law or unwarranted deductions of fact." *Folk v. City of Phoenix*, 27 Ariz. App. 146, 150 (1976).

### I. Knight lost two earlier cases, one of which involved Elias as Knight's opposing counsel.

¶3 Elias represented parties in an earlier case in which Knight was the plaintiff: Yavapai County Case No. CV2022-00177 (the 2022 case). The claims in the 2022 case are irrelevant to resolution of this appeal. Knight looks to the 2022 case because she believes Elias's clients should not have prevailed at the superior court and on appeal in 1 CA-CV 24-0018. In this appeal, Knight asks the court to correct what she perceives were errors in the 2022 case and the appeal. And she seeks to hold Elias liable for acts and statements Elias made in representing her clients.

¶4 Knight also wants the court to correct perceived errors in another case: Mohave County Superior Court Case No. CV2018-04003 (the 2018 case) and the related appeal, 1 CA-CV 24-0075. Elias was not involved in the 2018 case. As with the 2022 case, the claims in the 2018 case are irrelevant to resolution of this appeal. Knight also did not prevail on the appeal of the 2018 case.

¶5 The appeals in the 2018 and 2022 cases have become final; the court mandated both on April 24, 2025.

### II. Knight sued Elias based on Elias's representation of her clients in the 2022 case.

¶6 In her 63-page complaint, Knight alleged claims for "Fraud and Breach of Duty (negligence) as a Defense Counsel." Knight alleged

Elias's "Fraud and Breaches of Duty contributed to dismissal of all Defendants in Plaintiffs CV 2022 00177 and where Plaintiff seeks remedy on multiple levels as found in the Demands for Relief."

### III. The superior court granted Elias's motion to dismiss.

¶7         Elias moved to dismiss Knight's complaint. The superior court considered the briefing on that motion. The superior court also took judicial notice of Knight's other cases, including the 2018 and the 2022 case.

¶8         The superior court began by recognizing Knight brought claims "against Defendant, a lawyer representing opposing parties in prior litigation." For that reason, the superior court concluded Elias owed Knight no duty. The superior court found the fraud claim failed because Knight did not plead it with particularity. The alleged facts did not support fraud because Knight could not reasonably rely on Elias's statements as opposing counsel. And the superior court concluded any alleged ethical violations by Elias do "not create a cause of action, and must be dealt with in the proper format."

¶9         The court granted the motion: "Taking all allegation of material fact in the complaint as true, it still fails. As a matter of law, Plaintiff is not entitled to relief under any interpretation of the Complaint." The superior court then denied leave for Knight to amend her complaint, saying Knight could not prevail under any set of facts against Elias because of the litigation privilege and the statute of limitations.

### IV. Important to this appeal, Knight's complaint is silent on aiding and abetting.

¶10        When Knight was before the superior court, she made just 2 passing comments about aiding and abetting in her response to Elias's motion to dismiss. At page 4 of Knight's response to the motion to dismiss, she said, "Elias'[s] Breach of Duty and fraud for assisting her clients to continue to breach their Declaration of CC&Rs is called aiding and abetting a client to do harm. . . . Elias chose to aid and abet her clients to do harm to Knight rather than represent her clients in a counterclaim . . . ." Knight did not elaborate or provide any legal authority.

¶11        Despite the lack of discussion before the superior court, Knight's briefing on appeal mentions "aiding and abetting" 18 times (14 time in the opening brief and 4 times in the reply brief). But the opening and the reply brief cite no legal authority to support a claim for aiding and

abetting. That said, Elias did not address or even use the words "aiding" or "abetting" before the superior court or in Elias's answering brief.

¶12 The court has jurisdiction over Knight's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

## DISCUSSION

### I. The court cannot grant Knight any relief in either the 2018 or 2022 case.

¶13 A significant amount of Knight's 71-page brief discusses relief Knight wants the court to grant in those cases. But they are not before the court and they have become final. Mandates have been issued in those cases, but Knight does not explain how the court has jurisdiction to alter the final decisions in those appeals. *See Doty-Perez v. Doty-Perez*, 245 Ariz. 229, 231 ¶ 7 n.6 (App. 2018) (citing Ariz. R. Civ. App. P. 24(a)) ("An appellate court retains jurisdiction of an appeal until it issues the mandate."). The court thus cannot grant Knight any relief in the 2018 and the 2022 cases.

¶14 If Knight believes Elias engaged in misconduct in the earlier cases, Knight had to pursue her remedies in the earlier litigation. *See Safeway Ins. Co., Inc. v. Guerrero*, 210 Ariz. 5, 14–15 ¶¶ 32–33, 35 (2005) (describing existing "deterrence to lawyer misbehavior," including "severe jeopardy" for deceit in litigation under civil procedure and ethical rules); *Norwest Bank, N.A. v. Symington*, 197 Ariz. 181, 186 ¶ 22 (App. 2000) (finding disclosure failures to be misconduct warranting Rule 60 relief from judgment in same action); *Linder v. Brown & Herrick*, 189 Ariz. 398, 406–07 (App. 1997) (describing "other remedies" available to litigants who believe opposing counsel are guilty of misconduct in litigation, including filing of Rule 60 motion for relief from final judgment on basis of fraud, misrepresentation, or other misconduct); *see also Lewis v. Swenson*, 126 Ariz. 561, 565 (App. 1980) ("The court's inherent power to manage its affairs necessarily includes authority to impose appropriate sanctions on those appearing before it.").

### II. Knight's opening and reply brief do not comply with Rule 13, Arizona Rules of Civil Appellate Procedure.

¶15 "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). The court holds Knight, a self-represented litigant, to the same standards as

an attorney and does not afford her special leniency. *See Flynn v. Campbell*, 243 Ariz. 76, 83–84 ¶ 24 (2017).

**¶16**      Under Rule 13, the opening brief must set forward "a statement of the case that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction with appropriate references to the record." *Ramos*, 252 Ariz. at 522 ¶ 8; Ariz. R. Civ. App. Proc. 13(a)(4). The brief also must cite any legal authority and make any substantive argument. *See* Ariz. R. Civ. App. Proc. 13(a)(7)(A) ("Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). And a party waives claims by failing "to develop and support [the party's] conclusory arguments." *Boswell v. Fintelmann*, 242 Ariz. 52, 54 ¶ 7 n.3 (App. 2017); *See* Ariz. R. Civ. App. Proc. 13(a)(7).

**¶17**      Elias argues Knight waived her arguments on appeal because her opening brief does not conform with Rule 13, Arizona Rules of Civil Appellate Procedure. Knight's statement of the case is far from concise (9 pages) and includes almost no citations to the record. Knight's statement of facts, at 44 pages long, is similarly deficient with regard to record citations. The opening brief uses 10 pages to address the standard of review, but then includes just 8 pages of arguments. The authority on which Knight relies generally is not on point. And as Elias points out, Knight tries to avoid the page limit by saying, "Word limit requires arguments to be incorporated in the Appendix." That appendix consists of 3 pages of requests for the court to grant relief here and in other cases.

**¶18**      For the above reasons, the court could consider Knight to have abandoned and waived her claims. *Ramos*, 252 Ariz. at 522 ¶ 8. Even so, the court exercises its discretion to decide this appeal on its merits based on its own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984) (recognizing courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

**III.   The superior court did not err when it granted Elias's motion to dismiss.**

**¶19**      The court reviews *de novo* a ruling on a motion to dismiss. *See City of Mesa v. Ryan*, 258 Ariz. 297, 299 ¶ 8 (2024); *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021) (dismissal under Arizona Rules of Civil

Procedure 12(b)(6) reviewed *de novo*). In so doing, the court considers just the complaint itself, its exhibits, and public records of matters referenced in the complaint. *See Coleman*, 230 Ariz. at 356 ¶ 9. The court thus takes judicial notice of the records in the earlier and this case. *See* Ariz. R. Evid. 201(c)(1), (d); *Gordon v. Est. of Brooks*, 242 Ariz. 440, 442 ¶ 2 n.2 (App. 2017); *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74 (1969).

**¶20**        "Dismissal is appropriate under Rule 12(b)(6) only if 'as a matter of law [Knight] would not be entitled to relief under any interpretation of the facts susceptible of proof.'" *Coleman*, 230 Ariz. at 356 ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998)). The court will affirm the superior court's dismissal of a complaint "if it is correct for any reason." *Fappani v. Bratton*, 243 Ariz. 306, 309 ¶ 8 (App. 2017).

**¶21**        Because Knight seeks relief based on Elias's action in the 2022 case, the court may take judicial notice of anything the superior court could have, even if it did not do so. *See Gordon*, 242 Ariz. at 442 ¶ 2 n.2; *see also* Ariz. R. Evid. 201(c)(1), (d) (saying court may take judicial notice on its own, at any stage of the proceeding). And Arizona has long recognized a court properly may "take judicial notice of the record in another action tried in that same court." *Visco*, 11 Ariz. App. at 74.

### a. Knight cannot prevail on her claims for fraud or for breach of duty (whether sounding in negligence or otherwise).

**¶22**        Almost 30 years ago, the court said parties cannot prevail on a fraud claim against opposing counsel, well-pled or otherwise. *Linder*, 189 Ariz. at 402, 405. *Linder* ruled those claims "legally deficient" because, "as a matter of law and common sense, [the parties] had no right to rely on statements made by the attorneys opposing them." *Id.* at 405. In *Linder*, the parties who lost an earlier lawsuit sued the prevailing adverse party's attorneys, arguing—much like Knight does—the attorneys "committed fraud by making false representations to the court and by withholding material information during th[e] litigation." *Id.* at 402. As *Linder* said, "[n]o authority exists in Arizona for bringing a claim of fraud against an opposing attorney for statements made during litigation." *Id.* at 406 (noting that Arizona's case law "narrowly limits claims against opposing counsel."); *see also Safeway Ins. Co., Inc.*, 210 Ariz. at 14 ¶ 31 (citing *Linder* with approval for proposition that "[a] party to a lawsuit generally may not premise a fraud claim on alleged misrepresentations by adverse counsel.").

¶23 Knight also cannot prevail on her breach of duty claim (whether sounding in negligence or otherwise) because Elias owed Knight no duty. Knight has cited no authority allowing her to pursue a negligence claim against Elias and as the superior court said, Arizona cases support a contrary conclusion. *See Lewis v. Swenson*, 126 Ariz. 561 (App. 1980). In *Lewis*, the court explained lawyers in litigation owe duties to their clients and "to the court, and not to the adverse party." *Id.* at 565–66 (rejecting appellant's claim defense counsel owed duty to plaintiff to prevent defense's expert witness from mentioning medical malpractice insurance to the jury).

¶24 And contrary to Knight's arguments, "[t]he breach of the duty owed to the court would not give rise to a cause of action in tort by the adverse party against the [attorney]." *Id.* at 566; *see also Wetherill v. Basham*, 197 Ariz. 198, 208–209 ¶¶ 39, 42 (App. 2000) (refusing to impose on attorneys duty of care "to nonclient third parties whose interests are directly adverse to those of the attorney's client," noting that "practice of law has enough potential pitfalls without adding another one that . . . is not supported by law, public policy, or common sense.").

¶25 In her reply brief, Knight relies on a secondary authority, an article in the Maricopa County Bar Association's August 2022 Maricopa Lawyer. But her citation to that authority undermines her argument. She quotes the article as saying,

> The litigation privilege [is] not a green light for lawyers to make false or malicious statements. The Massachusetts court noted, just as the courts in Arizona have, that a determination that a lawyer is immune from civil liability for making fraudulent misrepresentations . . . would not shield the lawyer from any applicable sanction for conduct contrary to the rules of professional responsibility, nor would it suggest to other lawyers that such behavior is acceptable.

Joseph A. Brophy, *Litigation Privilege Provides Tort Immunity for False Statements to Court*, MARICOPA LAW, Aug. 2022, at 6.

¶26 Consistent with Arizona case law, the quoted discussion makes the point. Knight has no cause of action for damages against Elias because in Arizona, "a lawyer is immune from civil liability for making fraudulent misrepresentations." *Id.* So even if Knight's allegations would support a "sanction for conduct contrary to the rules of professional responsibility," which the court does not suggest the allegations do, those

allegations are irrelevant in this proceeding because Knight's appeal is not about whether Elias is subject to sanctions. *See id.*

### b. The superior court did not err when it did not allow Knight to amend the complaint because she cannot prevail on the merits on any "aiding and abetting" tortious conduct claim.

¶27 The court could consider Knight's aiding and abetting tortious conduct claim abandoned and waived. *See State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of the claim.") (citation omitted). Knight did not develop any arguments or cite any legal authority to support the claim. Indeed, she barely mentioned it before the superior court. And though she referenced it more often in her briefing here, she again provided no legal authority or argument. But the court exercises its discretion to decide the issue on its merits. *See Adams*, 139 Ariz. at 342.

¶28 Generally, Arizona follows the Restatement (Third) of the Law Governing Lawyers in that "lawyers have no special privilege against civil suit." *Chalpin v. Snyder*, 220 Ariz. 413, 424 ¶ 44 (App. 2008) (citing *Safeway Ins. Co., Inc.*, 210 Ariz. at 10 ¶ 15). Generally, "a lawyer is subject to liability to a client or nonclient when a nonlawyer would be in similar circumstances." *Chalpin*, 220 Ariz. at 424 ¶ 45 (quoting Restatement (Third) of the Law Governing Lawyers § 56 (A.L.I. 2000)). "When a lawyer advises or assists a client in acts that subject the client to civil liability to others, those others may seek to hold the lawyer liable along with or instead of the client." *Id.* (quoting Restatement (Third) of the Law Governing Lawyers § 56 cmt. c (A.L.I. 2000)).

¶29 No doubt, aiding and abetting tortious conduct is a valid claim against another party's lawyer. *See id.* (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons*, 201 Ariz. 474, 485 ¶ 31 (2002)). After reviewing the relevant authority, *Chalpin* reached that conclusion. But that does not end the court's analysis here.

¶30 To prevail on an aiding and abetting tortious conduct, the plaintiff must prove 3 elements:

> (1) the primary tortfeasor must commit a tort that causes injury to the plaintiff;

> (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and

(3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach.

*Federico v. Maric*, 224 Ariz. 34, 36 ¶ 8 (App. 2010) (quoting *Wells Fargo*, 201 Ariz. at 485 ¶ 34).

**¶31** Knight cannot satisfy the first element because the 2022 case resulted in a finding that the primary tortfeasors, Elias's clients, did not commit a tort that caused Knight injury. Indeed, the defendants prevailed in all of Knight's claims against them. Having failed to prevail against the primary tortfeasors, Knight now seeks to hold their counsel, Elias, liable based on how she helped the defendants obtain the judgment. Because the defendants in the 2022 case were not liable to Knight, Elias also cannot be liable under an aiding and abetting theory. For that reason, the superior court did not err in not allowing Knight to amend her complaint because Knight could not prevail on the aiding and abetting claim. *See Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292 ¶ 26 (App. 2010) (stating a court does not err in denying a motion to amend if the amendment would be futile).

## ATTORNEY FEES AND COSTS

**¶32** Elias requests her reasonable attorney fees associated with this appeal under A.R.S. § 12-349. Under section 12-349, the courts "shall assess reasonable attorney fees" if a party "[b]rings or defends a claim without substantial justification [or] solely or primarily for delay or harassment." The court exercises its discretion and declines to award attorney fees. Upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure, the court awards Elias her reasonable costs.

## CONCLUSION

**¶33** The court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR